# United States Court of Appeals
## For the First Circuit

No. 04-2527

UNITED STATES OF AMERICA,

Appellee,

v.

EDGAR MEDINA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Elaine Pourinski for appellant.
Donald Lockhart, Assistant United States Attorney, with whom
Robert Clark Corrente, United States Attorney, and Stephen G.
Dambruch, Assistant United States Attorney, were on brief, for
appellee.

October 25, 2005

**STAHL, <u>Senior Circuit Judge</u>.** Edgar Medina was convicted of illegal possession with intent to distribute cocaine base, heroin, and marijuana, and for possession of a firearm in furtherance of a drug trafficking crime. He appeals his conviction and his sentence, which was imposed under the Federal Sentencing Guidelines before they were held to be advisory rather than binding on trial courts. <u>United States</u> v. <u>Booker</u>, 125 S.Ct. 738 (2005). We affirm the conviction but remand to the trial court for resentencing in light of <u>Booker</u>.

## I. Background

On February 7, 2004, the Providence Police responded to a call from Iyonna Washington, who reported that Edgar Medina had threatened her with physical harm and had just broken the windshield of her car with a silver gun. When the officers arrived at the scene, Washington directed them to a nearby apartment to which she said Medina had retreated. Making their way into the apartment with the permission of its owner, the police took Medina into custody.

One of the arresting officers escorted Medina downstairs to a waiting patrol car, while the other stayed behind and, with permission, searched the apartment in which Medina had been apprehended. In a shoe box hidden under a bed, the officer found a black hand gun, drug processing supplies, and a sizeable quantity

of drugs packed into small plastic bags.  The box also contained a number of documents, including court papers bearing Medina's name.

Medina was indicted on April 7, 2004, on charges that he possessed with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); possessed with intent to distribute quantities of heroin and marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D); and possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  After a jury trial, he was convicted on all counts.  The trial judge, expressing dismay over the length of the sentence that the Guidelines obligated her to impose on Medina, who was, she noted, just 19 years old at the time of the sentencing, imposed the minimum sentence available under the Guidelines for the drug charges, a term of 15 years, 8 months.  The gun possession charge carried an additional, statutorily-mandated consecutive sentence of 5 years, bringing Medina's total sentence to nearly 21 years.  Medina now appeals both his conviction and his sentence.

## II. Discussion

Medina challenges his conviction on three grounds. He argues that 1) his counsel failed to provide effective assistance; 2) the trial court admitted evidence in violation of the Federal Rules of Evidence; and 3) the trial court erroneously instructed

the jury as to one of the drug charges.  Medina also challenges his sentence under Booker.  We address each challenge in turn.

### A. Ineffective Assistance of Counsel

Medina claims that his counsel's performance fell short of the Sixth Amendment standard for effective assistance set forth in Strickland v. Washington, 466 U.S. 668 (1984).  We generally do not entertain claims of ineffective assistance of counsel on direct appeal.  United States v. Martinez-Vargas, 321 F.3d 245, 251 (1st Cir. 2003).  We have repeatedly said that the habeas court is in a better position to explore the basis of an ineffective assistance claim, and barring exceptional circumstances we will not examine such a claim unless and until it comes on appeal from the habeas court.  Medina points to no exceptional circumstances in this case that would compel us to break with our usual practice, and so we decline to review his ineffective assistance claims.

### B. Admission of Evidence

The box in which the police found a cache of drugs also contained a number of documents bearing Medina's name.  Among the papers were a variety of court documents indicating that Medina had previously been in trouble for "evading police" and which also listed various fees and fines that he had been required to pay as a result.  The prosecutor sought to introduce the documents in an effort to demonstrate that the contents of the box belonged to Medina.  Defense counsel declined the court's invitation to object

and its offer to give the jury a limiting instruction with respect to the evidence admitted.  Medina now claims that the admission of the documents at trial was barred by the Federal Rules of Evidence, which prohibit the use of evidence of prior acts "to show action in conformity therewith."  Fed. R. Evid. 404(b).

Under Federal Rule of Criminal Procedure 52(b), a claim that has been otherwise forfeited by a party's failure to object at trial will still be reviewed for plain error.  United States v. Olano, 507 U.S. 725 (1993).  Where a defendant has waived a rule, however, there is no error.  Id. at 732-33; United States v. Rodriguez-Leon, 402 F.3d 17, 26 (1st Cir. 2005).[1]

Here the trial judge called a bench conference before the prosecution introduced the contested evidence.  She asked counsel, "You have no objection to these coming in?" to which counsel replied, "Judge, I have no objection to them coming in."  The judge then asked, "Do you want a cautionary instruction? It appears to me it talks about fines --" Counsel interrupted the judge, saying, "Judge, it's going to come out.  [Medina's] going to take the stand."

---

[1]The extinguishment of error through waiver has been sometimes described as precluding plain error review altogether. See, e.g., Rodriguez-Leon, 402 F.3d at 26 ("A party waives a right when he intentionally relinquishes or abandons it, and a waived issue ordinarily cannot be raised on appeal.") (citing United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002); United States v. Mitchell, 85 F.3d 800, 807 (1st Cir. 1996)).

A party's considered decision not to avail itself of a procedural right, evidenced here by counsel's persistent and reasoned refusal of the judge's suggestions, waives that right. Trial counsel was entitled to make out his client's case as he saw fit,[2] and our even contemplating a claim of error here would imply an obligation on trial judges to second-guess counsel in a way that would disturb that entitlement. This we will not do. See United States v. Cartagena-Carrasquillo, 70 F.3d 706, 713 (1st Cir. 1995) (declining to impose obligation on trial court to issue limiting instruction sua sponte). We hold instead that Medina, through counsel, waived any objection to the evidentiary admission at issue, and so we do not consider the argument.

**C. Crack Cocaine**

Medina urges that the trial court erred in instructing the jury on the charge of possession of cocaine base. He did not raise this objection at trial. In the absence of an objection below, we review the trial court's instruction of the jury for plain error. United States v. Bailey, 405 F.3d 102, 110 (1st Cir. 2005).

The trial judge instructed the jury that, in order to sustain its burden of proof as to the cocaine base charge under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), the government was required

_____

[2]Whether counsel's decision was competent is of course another matter, and Medina's challenge on that claim will be brought before the habeas court if Medina chooses to pursue it.

to prove, <u>inter alia</u>, "that the controlled substance involved here was cocaine base." Medina claims that the instruction was deficient because it permitted the jury to convict him under the statute, which punishes trafficking in "cocaine base," § 841(b)(1)(A)(iii), without determining whether the substance he possessed was the particular form of cocaine base known as "crack" or was rather some other form of cocaine base.

The question whether the statute regulates only possession of crack or whether its rule encompasses other forms of cocaine base is the subject of some debate and of a conflict among the circuits. <u>See, e.g.</u>, <u>United States</u> v. <u>Edwards</u>, 397 F.3d 570, 575-77 (7th Cir. 2005) (describing split). In this circuit, however, it is settled that 21 U.S.C. § 841 regulates exactly what its terms suggest: the possession of any form of "cocaine base." <u>United States</u> v. <u>Lopez-Gil</u>, 965 F.2d 1124, 1134 (1st Cir. 1992) (opinion on rehearing); <u>see also</u> <u>United States</u> v. <u>Richardson</u>, 225 F.3d 46, 49 (1st Cir. 2000). Crack is a form of cocaine base and so is among the substances regulated by the statute, but the government is not required to prove that the substance involved in a given case is crack in order to secure a conviction under it.[3]

_____

[3]Medina's argument, which does not advert to <u>Lopez-Gil</u> or its progeny despite their clear applicability to this case, appears to be predicated on a misunderstanding of the relationship between the criminal statute prohibiting possession of cocaine base and the provision of the Sentencing Guidelines that will sometimes suggest a higher sentence when a defendant is convicted under the statute. Since 1993, the Sentencing Guidelines have specified that the term

Medina cannot show plain error because the trial court's instructions were simply correct, and Medina's challenge on this score therefore also fails.

### D. Resentencing Under **Booker**

Medina's several convictions subjected him to a statutorily-prescribed minimum sentence of 15 years, composed of a mandatory 10-year sentence under 21 U.S.C. § 841 for drug possession and a 5-year addition for the weapons count under 18 U.S.C. § 924(c). The trial court determined that the Federal Sentencing Guidelines mandated a longer sentence for the drug-possession charges, and sentenced Medina to 15 years, 8 months for the drugs, the minimum it believed the Guidelines permitted it to impose. The Guidelines sentence and the consecutive 5-year sentence for the weapons charge together left Medina facing a total sentence of 20 years, 8 months.

In the time since the sentencing, the United States Supreme Court decided <u>Booker</u>, which severed the provisions of the Sentencing Guidelines that made those Guidelines binding on the district courts. <u>Booker</u>, 125 S.Ct. at 764. Because this case was

---

"cocaine base," as used in the Guidelines, means "crack." <u>See</u> U.S.S.G. § 2D1.1(c), Note (D). The definition in the guideline note, however, is only relevant to the court at sentencing under § 2D1.1(c), and not to the jury in coming to a verdict under 21 U.S.C. § 841. What matters for the purposes of the conviction, and thus for the jury instruction, is the meaning of the term "cocaine base" under the statute, which was resolved by <u>Lopez-Gil</u>.

pending on direct review when <u>Booker</u> was decided, we are obligated to apply <u>Booker</u> to it.  <u>Id.</u> at 769.

We have held that "<u>Booker</u> error is established whenever 'a defendant's Guidelines sentence was imposed under a mandatory Guidelines system.'"  <u>United States</u> v. <u>Fornia-Castillo</u>, 408 F.3d 52, 73 (1st Cir. 2005) (quoting <u>United States</u> v. <u>Antonakopoulos</u>, 399 F.3d 68, 75 (1st Cir. 2005)).  Where an objection to the mandatory application of the Guidelines was made before the trial court, the government has the burden of proving the harmlessness of the error beyond a reasonable doubt.  <u>Fornia-Castillo</u>, 408 F.3d at 73-74.  Here the government concedes that Medina preserved his <u>Booker</u> claim below, and further concedes that it cannot prove the harmlessness of the error.  It therefore agrees with Medina that remand for resentencing is warranted.  Accordingly, we remand the case for resentencing in light of <u>Booker</u>.

**III. Conclusion**

For the foregoing reasons, the appellant's conviction is **<u>affirmed</u>**, his sentence is **<u>vacated</u>**, and the case is **<u>remanded</u>** to the district court for resentencing.