Not for Publication in West's Federal Reporter.

# United States Court of Appeals
## For the First Circuit

Nos. 06-1221
     06-1222

UNITED STATES OF AMERICA,

Appellee,

v.

DUNG VU,

Defendant, Appellant.

---

No.  06-1223

UNITED STATES OF AMERICA,

Appellee,

v.

DUNG LE,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

---

Before

Torruella, Selya and Lynch, Circuit Judges.

---

Jane Elizabeth Lee on brief for appellant Dung Vu.
qTina Schneider on brief for appellant Dung Le.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby,
United States Attorney, on brief for appellee.

February 6, 2007

**Per Curiam**.  Dung Vu and Dung Le--co-conspirators in a drug trafficking operation that brought crack cocaine from Massachusetts to Maine for local distribution, see generally United States v. Dung Cao, 471 F.3d 1 (1st Cir. 2006) (affirming conviction and sentence of another co-conspirator in that operation)--appeal from their sentences.  After careful consideration of the parties' briefs and the underlying record, we affirm both defendants' sentences for the reasons discussed below.

Dung Vu challenges his mandatory minimum sentence on the sole ground that the applicable statute, 21 U.S.C. § 841(b)(1)(A), violates his equal protection or due process rights[1] by imposing the same mandatory minimum penalty for crimes involving crack cocaine as for crimes involving 100 times the amount of powder cocaine.  We have repeatedly rejected that argument, United States v. Berrios, 132 F.3d 834, 842 (1st Cir. 1998); United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995); United States v. Singleterry, 29 F.3d 733, 740 (1st Cir. 1994); and "[u]ntil the en banc court of this circuit, the U.S. Supreme Court, or Congress itself . . . finds [this disparity] untenable, [such] challenges . . . will continue to fail," Berrios, 132 F.3d at 842; see also Graciani, 61 F.3d at 75.

---

[1]In the district court Dung Vu framed his challenge in terms of equal protection, while in this court he relies on due process. As he acknowledges, however, the standard is the same in either case.  See Chapman v. United States, 500 U.S. 453, 464-65 (1991).

-3-

Dung Le challenges her sentence on the ground that the district court erred in applying a four-level enhancement to her base offense level based on its finding that she was an "organizer or leader" of the conspiracy within the meaning of USSG § 3B1.1(a).[2] We review that fact-sensitive finding only for clear error. United States v. Ortiz-Santiago, 211 F.3d 146, 148 (1st Cir. 2000).

In making that finding, the district court expressly relied upon "the facts set forth in the presentence investigation report, which [it] accept[ed]; the results of the wiretap, which [it had] heard; [and] the activities involving the direct sales of drugs and [Dung Le's] part in those." In addition, the government, which had the burden of justifying the role enhancement, United States v. Picanso, 333 F.3d 21, 23 (1st Cir. 2003), pointed to other evidence in the transcripts of co-defendant Dung Cao's trial,

_____

[2]On appeal, she also argues that the court erred in concluding that the criminal activity involved "five or more participants or was otherwise extensive," another prerequisite for applying the same enhancement. USSG § 3B1.1(a). However, by not raising that argument below, she forfeited all but plain error review on that ground, United States v. Connolly, 341 F.3d 16, 30 (1st Cir. 2003). The district court did not err, plainly or otherwise, in finding that criterion to be satisfied. The record is clear that the conspiracy involved at least the six individuals named in the indictment and was also "extensive" in terms of its duration (more than one year), the amount of drugs involved (50 grams or more of crack cocaine), and its geographic reach (from Massachusetts to Maine). See United States v. Thiongo, 344 F.3d 55, 62-63 (1st Cir. 2003).

co-defendant Sang Tran's sentencing, and the suppression hearing, over which the same judge presided.

Dung Le objects to the district court's reliance on anything but the undisputed facts in the presentence report ("PSR"), the facts in the prosecution's version that she admitted when she pled guilty, and the evidence introduced at the suppression hearing (which included tape-recordings and transcripts of the results of the wiretap of Dung Le's telephone).  Her objections to the court's other sources of information are unfounded.

Even where a defendant objects to facts in a PSR, the district court is entitled to rely on the objected-to facts if the defendant's objections "'are merely rhetorical and unsupported by countervailing proof.'" United States v. Prochner, 417 F.3d 54, 66 (1st Cir. 2005) (quoting United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003)); see also United States v. Grant, 114 F.3d 323, 328 (1st Cir. 1997).[3]  Here, although Dung Le objected to the PSR's conclusion that she was a leader or organizer and also denied some of the subsidiary facts, she produced no evidence to the contrary. "In the absence of rebuttal evidence beyond defendant's self-

_____

[3]Dung Le asks us to reconsider these precedents in light of United States v. Booker, 543 U.S. 220 (2005).  Even if this panel were empowered to do so, see Berrios, 132 F.3d at 842, we would decline.  Booker did not alter the district court's fact-finding authority.  United States v. Pizarro-Berríos, 448 F.3d 1, 6 (1st Cir. 2006).  Indeed, Prochner itself was decided post-Booker.

serving words," the district court did not clearly err in relying on the facts in the PSR. Prochner, 417 F.3d at 66. Moreover, to the extent that the district court implicitly resolved the disputed facts in the government's favor, as it was also entitled to do, Grant, 114 F.3d at 66 n.9, its "choice among supportable alternatives cannot be clearly erroneous," United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990).

The district court did not expressly rely on the transcripts of co-defendant Dung Cao's trial or Sang Tran's sentencing. However, to the extent it did so implicitly, it was entitled to rely on the evidence presented at those related proceedings, over which the same judge presided, United States v. Canada, 960 F.2d 263, 268 (1st Cir. 1992), particularly since Dung Le had prior notice, via the government's sentencing memorandum, that the government intended to rely on evidence from the former proceeding, and defense counsel was present at the latter. See id. (distinguishing United States v. Berzon, 941 F.2d 8 (1st Cir. 1991), on which Dung Le relies, on these grounds).

As a fall-back argument, Dung Le contends that her trial counsel was ineffective in failing to request a transcript of Dung Cao's trial prior to sentencing, so that he could point to evidence from that transcript to demonstrate Dung Le's lack of a leadership role. That argument is premature in this direct appeal, United States v. Medina, 427 F.3d 88, 90 (1st Cir. 2005), and is unlikely

-6-

to succeed in any event.  Even if Dung Le could show that her counsel's failure to request the transcript fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 687 (1984), it is doubtful that she could show the necessary prejudice, id.  Even with the benefit of the transcript, her appellate counsel has identified only one minor discrepancy between the government's characterization of the trial evidence and the transcript itself and two instances where co-conspirators acted independently.  We doubt that this evidence would have changed the court's view--based on the other evidence it considered--that Dung Le's role as a leader or organizer was "abundantly clear."

That conclusion is amply supported by the record evidence.  In sum, that evidence showed that, among other tasks, Dung Le made arrangements to purchase the crack in Massachusetts, recruited and supervised runners to pick up and distribute it, repackaged it in smaller amounts for distribution, handled most of the negotiations over amounts and prices, and arranged for sales to undercover agents and others.

That array of responsibilities was sufficient to warrant a leadership enhancement under USSG § 3B1.1(a).  See id., comment. (n.2) (listing among the relevant factors, "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, . . . the degree of participation in planning or organizing the offense,

. . . . and the degree of control and authority exercised over others"); <u>see also</u>, <u>e.g.</u>, <u>United States</u> v. <u>Casas</u>, 356 F.3d 104, 129 (1st Cir. 2004); <u>United States</u> v. <u>Ventura</u>, 353 F.3d 84, 89 (1st Cir. 2003); <u>Berrios</u>, 132 F.3d at 839.  Although, at times, Dung Le performed some lower-level tasks herself and others shared leadership responsibility or acted independently, those facts do not render her ineligible for a leadership enhancement.  "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."  USSG § 3B1.1, cmt. (n.4); <u>see also</u> <u>Ventura</u>, 353 F.3d at 89-90.

Accordingly, finding no error in either defendant's sentence, we <u>affirm</u> both sentences.  <u>See</u> 1st Cir. Loc. R. 27.0(c).