Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 06-2142

UNITED STATES OF AMERICA,

Appellee,

v.

EDGAR MEDINA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

Kevin J. Fitzgerald, Assistant Federal Defender, on brief for appellant.
Donald C. Lockhart and Stephanie S. Browne, Assistant U.S. Attorneys, and Robert Clark Corrente, United States Attorney, on brief for appellee.

March 28, 2007

**Per Curiam**.   This is an appeal from resentencing after remand from this court on defendant's prior appeal. See United States v. Medina, 427 F.3d 88 (1st Cir. 2005) ("Medina I") (affirming defendant's conviction but remanding for resentencing in light of United States v. Booker, 543 U.S. 220 (2005)).   On remand, defendant was sentenced to 15 years' imprisonment, the mandatory minimum for the offenses of conviction.

In this appeal from that sentence, defendant focuses solely on the mandatory minimum contained in 18 U.S.C. § 841, which he continues to argue applies only to offenses involving crack cocaine, despite this court's ruling to the contrary in his first appeal.[1]   See Medina I, 427 F.3d at 92 (holding that 21 U.S.C. § 841 regulates exactly what it's terms suggest:  the possession of any form of 'cocaine base'").   Under the doctrines of law of the case and stare decisis, we decline to reconsider this court's prior rulings on that issue.

---

[1]Although in Medina I, this court was interpreting the phrase "cocaine base" in 21 U.S.C. § 841 to determine whether the district court accurately defined the substantive offense, while here the same phrase is being interpreted to determine whether the mandatory minimum provision of that same statute applies, the difference is immaterial.  Indeed, the very case that established the meaning of that phrase in this circuit did so in the sentencing context. United States v. Lopez-Gil, 965 F.2d 1124, 1134 (1st Cir. 1992) (per curiam) (as amended on rehearing).

Under the relevant branch of the law of the case doctrine, "a legal decision made at one stage of a civil or criminal proceeding . . . remain[s] the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court.  That branch binds . . . a successor appellate panel in a second appeal in the same case . . . ." United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004); see also Ellis v. United States, 313 F.3d 636, 646-47 (1st Cir. 2002) (explaining the "salutary policies" behind this doctrine).

Although that branch of the doctrine is prudential and has certain exceptions, the only one even potentially applicable here--that adhering to the law of the case would yield "a manifestly unjust result," Ellis, 313 F.3d at 648--is unavailing.  "[A] litigant seeking to fit within [the] confines [of this exception] must negotiate a steep uphill climb. . . . [A] finding of manifest injustice requires, at a bare minimum, 'a definite and firm conviction that a prior ruling is unreasonable or obviously wrong.'"  Moran, 393 F.3d at 8 (quoting Ellis, 313 F.3d at 648).

That demanding standard is not met here.  Far from being "obviously wrong," the panel's ruling in the first appeal was itself dictated by the decisions of other panels on this issue in previous cases, Medina I, 427 F.3d at 92 (citing

Lopez-Gil, 965 F.3d at 1134, and United States v. Richardson, 225 F.3d 46, 49 (1st Cir. 2000)), which that panel was not free to revisit, absent supervening authority, which did not and still does not exist, see United States v. Anderson, 452 F.3d 66, 86 (1st Cir.), cert. denied, 127 S. Ct. 696 (2006). Apparently acknowledging that point, defendant suggests in his brief that this appeal be heard en banc. However, he filed no petition to that effect. See Fed. R. App. P. 35(b). That procedural consideration aside, under the law of the case doctrine discussed above, this case would be an unlikely vehicle for en banc consideration, which could have been but was not sought before or after the panel's decision in the first appeal. United States v. Ticchiarelli, 171 F.3d 24, 29 (1st Cir. 1999).

Because we therefore decline to revisit our prior rulings that the phrase "cocaine base" in 21 U.S.C. § 841 applies not only to crack cocaine but to any form of cocaine base, we do not reach defendant's subsidiary arguments that he was entitled to but did not receive a jury finding beyond a reasonable doubt, or even a judicial finding by a preponderance of the evidence, that the substance involved here was crack cocaine.

Affirmed. See 1st Cir. Loc. R. 27.0(c).