Judge RYAN
delivered the opinion of the Court.
At different points during the closing argument on findings in this ease, trial counsel suggested that the members of the panel could compare the similarities between charged offenses for a propensity to commit “these types of offenses” and see the accused’s modus operandi. Although the charged offenses were themselves the proper subject of closing argument, the underlying conduct had not been offered or admitted under Military Rules of Evidence (M.R.E.) 404 or 413. Trial counsel’s invitation to the panel to compare the charged offenses to find modus operandi or propensity was improper, but under the facts of this ease the military judge’s failure to sua sponte instruct the panel on the use of propensity evidence or take other remedial action did not constitute plain error. The decision of the United States Air Force Court of Criminal Appeals (CCA) is affirmed.[1]
I. Facts
A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of rape, sodomy,[2] and indecent acts,[3] in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934 (2000). The sentence adjudged by the court-martial included a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority disapproved the findings of guilt as to sodomy and indecent acts, approved the findings of guilt as to rape, and approved the sentence as adjudged with the exception of confinement in excess of seven years. The CCA affirmed. United States v. Burton, No. ACM 36296, 2007 WL 2300788 (A.F.Ct.Crim.App. July 16, 2007) (unpublished).
Appellant’s convictions arose from two distinct incidents, which were separated by sev *152 eral years. The Government charged Appellant with the forcible sodomy, indecent assault, and attempted rape of SS, a U.S. civilian he met while on leave in Venice, Italy, in 2000.[4] In addition, the Government charged Appellant with the rape of Senior Airman DH, while both were stationed at Yokota Airbase, Japan, in 2004.
As is customary in the military justice system, the convening authority referred all of the charges related to these incidents to one court-martial. See Rule for Courts-Martial (R.C.M.) 307(c)(4); United, States v. Weymouth, 43 M.J. 329, 335 (C.A.A.F.1995) (recognizing the general policy of joining all possible charges into a single court-martial). Appellant did not move to have the charges severed. See R.C.M. 906(b)(10) (allowing a motion to sever offenses to prevent manifest injustice). Following the presentation of evidence by the prosecution and defense, the military judge instructed the panel, warning that counsel’s closing arguments were not evidence and that belief of guilt of one offense could not be used as a basis for finding guilt of another offense — a standard “spillover” instruction.
In the closing arguments that followed, the trial counsel noted the military judge’s instruction that panel members could not use guilt of one offense as proof of guilt of another offense. However, trial counsel told the panel it could “take these things and compare them for [Appellant’s] propensity to commit these types of offenses.” He invited the panel to “take both of [the victims’] stories and lay them next to each other and compare them and see what this particular person’s M.O. is.” Further, trial counsel highlighted several similarities from the two incidents, including Appellant’s particular actions and the victims’ physical appearance and vulnerability. Defense counsel neither objected to trial counsel’s statements nor requested further instructions from the military judge.
II. Discussion
When no objection is made during the trial, a counsel’s arguments are reviewed for plain error. United States v. Schroder, 65 M.J. 49, 57-58 (C.A.A.F.2007). “Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice.” United States v. Fletcher, 62 M.J. 175, 179 (C.A.A.F.2005). We agree with Appellant that trial counsel’s closing argument was improper, but disagree that the error was plain and obvious such that the military judge was required to sua sponte give further instructions or take other remedial measures.
Counsel should limit their arguments to “the evidence of record, as well as all reasonable inferences fairly derived from such evidence.” United States v. Baer, 53 M.J. 235, 237 (C.A.A.F.2000). In the instant case, evidence of the charged offenses was properly admitted and a fair subject of argument. The wrinkle is that trial counsel went further and encouraged panel members to compare the similarities of two charged offenses, pointed out several specific examples, and argued that these similarities showed Appellant’s propensity to commit such crimes.
Our cases affirm the principle that an accused may not be convicted of a crime based on a general criminal disposition. See, e.g., United States v. Hogan, 20 M.J. 71, 73 (C.M.A.1985) (“[A]n accused must be convicted based on evidence of the crime before the court, not on evidence of a general criminal disposition.”); see also M.R.E. 404(a), (b) (generally prohibiting the use of evidence of character or past crimes to prove an accused acted in conformity therewith). The Government may not introduce similarities between a charged offense and prior conduct, whether charged or uncharged, to show modus oper-andi or propensity without using a specific exception within our rules of evidence, such as M.R.E. 404 or 413.[5] See United States v. *153 Wright, 53 M.J. 476, 480 (C.A.A.F.2000) (noting M.R.E. 413 “creates an exception to Rule 404(b)’s general prohibition against the use of a defendant’s propensity to commit crimes”). It follows, therefore, that portions of a closing argument encouraging a panel to focus on such similarities to show modus operandi and propensity, when made outside the ambit of these exceptions, is not a “reasonable inference!] fairly derived” from the evidence, and was improper argument. Baer, 53 M.J. at 237.
The CCA held that trial counsel’s argument was proper based on M.R.E. 413. The CCA noted that the evidence of Appellant’s alleged assaults and attempted rape of SS in 2000, as sexual assault offenses that occurred prior to the 2004 rape of SrA DH, could have been introduced as propensity evidence under M.R.E. 413. Burton, No. 36296, slip op. at 6.
The problem with the CCA’s holding is simple — this is not an M.R.E. 413 case. The evidence on which trial counsel was commenting was primary proof of the charged offenses. No evidence was introduced as propensity evidence pursuant to M.R.E. 413, and none of the procedural safeguards required as a predicate to such introduction were followed. See Schroder, 65 M.J. at 55 (requiring the military judge to make relevance and prejudice determinations under M.R.E. 401, 402, and 403 before admitting propensity evidence); Wright, 53 M.J. at 482-83 (same). It was trial counsel’s improper argument that introduced the issue of propensity, not the evidence. As the Government did not offer the evidence under M.R.E. 413, it did not follow the steps required by M.R.E. 413. Therefore, it may not a posteriori justify its closing argument based on what it might have done.
Determining that trial counsel’s argument was improper, however, does not answer the question whether it was plain and obvious in the context of the entire trial that the military judge needed to sua sponte give further instructions on the use of propensity evidence. See United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (“[W]hen addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against the entire record.”). An error is not “plain and obvious” if, in the context of the entire trial, the accused fails to show the military judge should be “faulted for taking no action” even without an objection. United States v. Maynard, 66 M.J. 242, 245 (C.A.A.F.2008). The relevant context includes the evidence presented at trial and the instructions given by the military judge. See Darden v. Wainmight, 477 U.S. 168, 182, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).
It was not plain and obvious under the facts of this case that the military judge should have sua sponte given a propensity instruction, as Appellant now contends. First, as noted above, the evidence of each distinct offense was properly admitted and the fair subject of argument, but this was not an M.R.E. 413 propensity evidence case. The prosecution did not attempt to offer evidence or get a ruling from the military judge under M.R.E. 413 concerning propensity evidence. Moreover, the “similar” conduct was charged and presented as two separate offenses: the majority of the evidence introduced by the prosecution consisted of the testimony of two independent victims, and at no time during the presentation of the evidence did the prosecution compare the two charges or conflate the evidence. Cf. United States v. Haye, 29 M.J. 213, 214-15 (C.M.A.1989) (finding error where the factual presentation of the case made it impossible for a panel to separate one specification from another). Appellant has made no suggestion that the evidence of each charge was “so merged into one that it [was] difficult to distinguish.” Id. at 215.
Next, after the close of the presentation of evidence, the military judge specifically instructed the panel as follows:
An Accused may be convicted based only on evidence before the court. Each offense must stand on its own and you must keep the evidence of each offense separate. Stated differently, if you find or believe that the accused is guilty of one offense, you may not use that finding or belief as a basis for inferring, assuming, or proving *154 that he committed any other offense. The burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt. Proof of one offense carries with it no' inference that the accused is guilty of any other offense.
Although portions of trial counsel’s closing argument arguably conflicted with this instruction, trial counsel specifically referenced the instruction and stated he did not “intend for [the panel] to take proof of one offense to find [Appellant] guilty of another.” The real risk presented by trial counsel’s improper argument was that it would invite members to convict appellant based on a criminal predisposition, not that members would now perceive properly admitted direct evidence of charged conduct as propensity evidence. This greater risk was properly addressed by the military judge’s spillover instruction. The military judge having instructed the panel that counsel’s arguments were not evidence and given a general spillover instruction, it was not plain and obvious that an additional instruction was wanted or needed. See United States v. Jenkins, 54 M.J. 12, 20 (C.A.A.F.2000) (noting that panel members are presumed to follow a military judge’s instructions and holding that any error from improper argument was cured by appropriate instruction); Hogan, 20 M.J. at 73 (suggesting that a clear instruction not to merge evidence substantially diminishes the chance of improper spillover).
In the context of the entire trial, including the distinct and clearly defined evidence against Appellant on similar yet separate offenses, the specific instructions to the panel, the fact that neither trial nor defense counsel offered M.R.E. 413 propensity evidence or requested a propensity instruction, and the fact that the comments of trial counsel were not so egregious as to provoke an objection by trial defense counsel, we do not believe that any error in trial counsel’s argument rose to the level of plain error that would require the military judge to sua sponte instruct on the proper use of propensity evidence or take other remedial measures. See Young, 470 U.S. at 16, 20, 105 S.Ct. 1038 (noting “it is particularly important for appellate courts to relive the whole trial imaginatively and not to extract from episodes in isolation,” and holding that argument by counsel, though improper, was not plain error warranting overturning the appellant’s conviction).
III. Conclusion
For the reasons expressed above, we disagree with the reasoning of the Air Force Court of Criminal Appeals, but find no plain error in the court-martial. The decision of the Air Force Court of Criminal Appeals is affirmed.

.On Appellant's petition, we granted review of the following issues:
I. WHETHER THE TRIAL COUNSEL ENGAGED IN IMPROPER ARGUMENT WHEN HE ARGUED THAT APPELLANT DEMONSTRATED A PROPENSITY TO ENGAGE IN SEXUAL ASSAULT.
II. ASSUMING ARGUENDO THAT IT WAS NOT IMPROPER FOR TRIAL COUNSEL TO ARGUE THAT APPELLANT HAD THE PROPENSITY TO COMMIT SEXUAL ASSAULTS, WHETHER THE MILITARY JUDGE ERRED BY FAILING TO GIVE AN ADDITIONAL INSTRUCTION ON THE USE OF PROPENSITY EVIDENCE.

. Appellant was charged with forcible sodomy in violation of Article 125, UCMJ, but found guilty of the lesser included offense of sodomy.

. Appellant was charged with indecent assault in violation of Article 134, UCMJ, but found guilty of the lesser included offense of indecent acts.

. Appellant was found not guilty of the attempted rape charge.

. See, e.g., M.R.E. 404(a)(1), (2) (allowing character evidence when offered first by the accused); M.R.E. 404(b) (allowing evidence of other crimes to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake); M.R.E. 413 (allowing evidence of prior sexual assaults when the accused is charged with a sexual assault offense).