# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TERRANCE L. GADDY**
**United States Army, Appellant**

ARMY 20150227

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Jonathan A. Kent, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles Lozano, JA; Major Andres Vazquez, Jr., JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

20 March 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Accused of multiple instances of sexual crimes against four different victims, appellant entered mixed pleas.[1]  He pleaded guilty to seven specifications of sexual assault and one specification of indecent exposure.  Contrary to his pleas, the military judge convicted appellant of rape.[2]  On appeal we address two issues.

---

[1] The sexual assault and rape specifications each alleged a violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].  The indecent exposure specification alleged a violation of Article 120c, UCMJ.

[2] The military judge sentenced appellant to a dishonorable discharge and confinement for fourteen years.  Pursuant to a pretrial agreement, the convening authority approved the punitive discharge and eight years of confinement.

First, we decide whether our superior court's decision in *United States v. Hills*, 74 M.J. 350 (C.A.A.F. 2016), prohibits a fact-finder from considering propensity evidence stemming from charged offenses to which the accused pleaded guilty. We determine that *Hills* does not prohibit this use of propensity evidence.

Second, we address appellant's claim that the military judge erred when he excluded, pursuant to Military Rule of Evidence [hereinafter Mil. R. Evid.] 412, evidence that appellant and the victim of the rape offense were dancing provocatively immediately prior to the assault. We agree with appellant that the military judge erred, but find the error to be harmless.

## LAW AND DISCUSSION

### A. United States v. Hills and Guilty Pleas to Charged Offenses

We first address an issue raised personally by appellant.[3] *See United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant, asserts that the military judge erred when he considered propensity evidence stemming from charged offenses in determining whether he was guilty of rape.

Prior to trial, the government filed a motion under Mil. R. Evid. 413 to admit appellant's propensity to commit sexual misconduct. The motion stated:

> Although MRE 413 is most commonly applied to the introduction of uncharged sexual misconduct to show a propensity for charged sexual misconduct, the Rule also applies where all alleged sexual misconduct has been charged. 'The Government may not introduce similarities between a charged offense and prior conduct, *whether charged or uncharged*, to show modus operandi or propensity without using a specific exception within our rules of evidence, such as MRE 404 or 413.' *United States v. Burton*, 67 M.J. 150 152 (C.A.A.F. 2008) (emphasis added).

Relying on our superior court's decision in *Burton*, the military judge granted the government's motion. At trial, during the closing argument, the trial counsel specifically argued appellant's predisposition to sexually assault women:

> The law says, you can look at the fact that he sexually assaulted these three other Soldiers and use that when deciding whether or not he's raped [BN]. You can consider

---

[3] The other matters personally raised by appellant merit neither discussion nor relief.

> the crime against [R], the crimes against [G] and the crime against [K] as propensity evidence. In fact, as this court is well aware, you may consider the evidence of the accused's other sexual offenses for their tendency to show propensity, predisposition, as well as its tendency to show his common plan: new Soldiers to the unit, people he's just met, and design; that he intended to rape Private [BN] and, as evidence of his motive to commit these offenses.

We find no error in either the trial counsel's argument or the military judge's determination that propensity evidence was admissible in this case. In *Hills*, the Court of Appeals for the Armed Forced (CAAF) specifically exempted from their decision cases where "an accused has pleaded guilty or been found guilty" and that such evidence "can be admitted and considered under Mil. R. Evid. 413 to show propensity to commit the sexual assaults to which he pleaded not guilty. . . ." 75 M.J. at 354 (citing *United States v. Wright*, 53 M.J. 476, 479 (C.A.A.F. 2000)). Thus, we find that *Hills* did not prohibit the propensity evidence admitted in this case.

### B. The Military Rule of Evidence 412 Ruling

Before trial, appellant filed a motion to admit evidence pursuant to Mil. R. Evid. 412. Specifically, appellant wanted to introduce evidence that, in the moments *immediately preceding the alleged assault*, appellant and Private BN had engaged in highly sexualized dancing that "simulated sex." At the closed Mil. R. Evid. 412 hearing, the defense called two witnesses to testify about what they had seen.[4] The military judge ruled that the "defense is prohibited from soliciting testimony about [PFC BN] dancing with the accused in order to show her consent to sexual activity or that the accused had a mistaken belief that she was consenting to sexual activity." The military judge did not otherwise explain his ruling.

On appeal, appellant asserts that evidence of the highly sexualized dancing was constitutionally necessary to show his mistake of fact as to consent. This argument was not well developed at trial. To place a mistake of fact as to consent defense at issue, there must be some evidence appellant had a subjective belief the victim was consenting and such a belief was reasonable. An important purpose of the requirement for Mil. R. Evid. 412 motions practice, to include closed hearings, is

---

[4] Not surprisingly, the government not only disagreed that the evidence was admissible, but also disagreed that the sexualized dancing had taken place. At trial, for example, the government elicited that appellant had made a bet with one of the witnesses that he could have sex with the victim whom he had just met. Our job on appeal does not require us to resolve this factual dispute for purposes of evaluating the military judge's Mil. R. Evid. 412 ruling.

to allow the offering party the opportunity to *fully* explain their theory of admissibility.

Nonetheless, we find the military judge's decision to exclude evidence of sexualized dancing to have been error because we find this evidence to fall outside of Mil. R. Evid. 412. Mil. R. Evid. 412(a)(1) prohibits evidence that "any alleged victim engaged in other sexual behavior." When conduct is inexorably intertwined with the alleged offense itself, it is not "other sexual behavior," but rather becomes part of the *res gestae* of the offense. That is, the testimony "was admissible as part of the same transaction as the assault." *United States v. Peel*, 29 M.J. 235, 239 (CAAF 1989).

Here the defense wanted to introduce evidence that the victim and appellant were "grinding" on each other in the moments before (in the defense theory) they engaged in consensual sexual intercourse. After the military judge's ruling, the defense had to explain the victim and appellant had engaged in consensual sexual intercourse without being able to explain what, in the defense theory, had led up to this encounter. In other words, deprived of this evidence, the defense case was forced to start mid-sentence. The defense was unable to position their evidence to comport with normal human experience. Accordingly, we do not see evidence of sexual behavior that is part of the *res gestae* of the offense to be "other sexual behavior" under Mil. R. Evid. 412. This rule does not exclude evidence of the offense itself, to include the appellant's version of what transpired during the transaction.

There are, of course, some caveats to our reasoning. First, our interpretation of Mil. R. Evid. 412(a)(1) is limited to interpreting what is meant by "*other* sexual behavior." Rule 412(a)(2) continues to prohibit evidence of a victim's sexual predisposition. Second, to say that evidence falls outside of Mil. R. Evid. 412 is not to say it is per se admissible. Other rules, to include Mil. R. Evid. 403, still operate to ensure overly prejudicial evidence is excluded from a court-martial. A military judge could tailor the scope of the testimony to prevent an overly prejudicial presentation.

Having found error, we next turn to whether appellant was prejudiced by the error. We find the error to have been harmless. First, any evidence of consent (or mistake of fact as to consent) stemming from dancing is weak. That someone may have agreed to dance in a proactive manner is not highly probative as to whether they agreed to sexual intercourse or whether an accused actually and reasonably believed he had consent. Second, we find the evidence of the assault given by the victim to be compelling, especially combined with her immediate reports of the assault. Finally, we consider appellant's separate plea to seven specifications of sexually assaulting three other soldiers. Appellant agreed as part of his pretrial agreement that the stipulation of fact he signed would be admissible during the

4

merits portion of his trial.  The stipulation also stated that the facts contained therein were admissible "at trial" even if "otherwise inadmissible."  Appellant's sexual assault of the three other soldiers was factually similar in several aspects.  When we consider all the evidence, to include the inference that appellant is predisposed to commit this offense, we find any evidentiary error to be harmless beyond a reasonable doubt.  *See United States v. Roberts*, 69 M.J. 23, 30 (C.A.A.F. 2010).

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court