# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BERGER, BURTON, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Major ERIK J. BURRIS**
**United States Army, Appellant**

ARMY 20150047

Headquarters, Fort Bragg
Tara A. Osborn and John T. Rothwell, Military Judges
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate

For Appellant:  Lieutenant Colonel Christopher D. Carrier, JA; Zachary Spilman, Esquire (on brief, reply brief and motion for reconsideration).

For Appellee:  Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Virginia H. Tinsley, JA; Captain Natanyah Ganz (on supplemental brief on behalf of appellee following remand).

8 February 2019

--------------------------------------------------------------------------------
MEMORANDUM OPINION ON REMAND ON RECONSIDERATION
--------------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

Our court previously conducted an appellate review of this case pursuant to Article 66, Uniform Code of Military Justice [UCMJ], affirming appellant's conviction and sentence.  *United States v. Burris*, 2017 CCA LEXIS 315 (Army Ct. Crim. App. 8 May 2017).[1]  The Court of Appeals for the Armed Forces (CAAF)

---

[1] An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, two specifications of rape, one specification of sodomy, and four specifications of assault consummated by a battery, in violation of Articles 90, 120, 125, and 128, UCMJ, 10 U.S.C. §§ 890, 920, 925, and 928 (2012).  The panel

(continued . . .)

subsequently granted review on the issue of whether the failure to object to improper character evidence and improper argument constitutes waiver or forfeiture. The CAAF held that a mere failure to object is forfeiture, not waiver as this court had held. *United States v. Burris*, 78 M.J. 56 (C.A.A.F. 2018) (summ. disp.). The CAAF set aside this court's decision and returned the record to The Judge Advocate General for remand to this court. The CAAF order observed that "the Government has argued for the first time in this Court that Appellant affirmatively waived his challenges to the admission of character evidence and argument. We leave this argument for the lower court to address on remand."

We issued a memorandum opinion on remand on 7 December 2018 affirming the findings of guilty and the sentence. *United States v. Burris*, ARMY 20150047, 2018 CCA LEXIS 598 (Army Ct. Crim. App. 7 Dec. 2018) (mem. op.). Appellant requested we reconsider our decision regarding the scope of the CAAF remand and asked that we conduct a plenary review of the findings and the sentence in his case. We granted appellant's request.

Accordingly, we have reviewed and considered all of appellant's alleged errors, including those raised in his initial brief and supplemental brief on remand.[2] We will address two of appellant's assigned errors: (1) whether appellant affirmatively waived objection to the admission of evidence and argument that appellant refers to himself as "The Beast;" and (2) if there is no affirmative waiver, whether admission of "The Beast" was plain error, and whether trial counsel improperly argued evidence that appellant refers to himself as "The Beast."

## BACKGROUND

At trial, evidence was introduced by both parties that appellant's self-given moniker is "The Beast." Trial counsel was the first to mention "The Beast" in her opening statement when she described the expected testimony of WB regarding the first time she was raped by appellant:

> It was a night that pregnant [WB] first met The Beast. Let me say that again: The Beast. That is the name the accused gives his own alter ego. That is the name the

---

(. . . continued)
sentenced appellant to a dismissal, confinement for twenty years, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged, but waived automatic forfeitures for six months.

[2] We have also considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

accused gives the alter ego that sexually assaults [WB]
time and time again.

But, it was the defense counsel who first elicited witness testimony of "The Beast" during cross-examination of appellant's supervisor, the Staff Judge Advocate (SJA) of the 82d Airborne Division. Defense asked the SJA about details appellant shared with him about his case. Defense counsel asked, "[Appellant] told you about something called The Beast, correct?" The SJA answered, "That might not have been until January; but, yes, he did."

The next reference to "The Beast" was when government introduced into evidence appellant's videotaped Criminal Investigation Command (CID) interview during which he told a special agent about his nickname, "The Beast." When the trial counsel offered the video into evidence, the defense counsel stated, "No objection, Your Honor." The government then published the video to the panel.

The victim, WB, testified after appellant's CID interview was admitted into evidence. During her testimony, WB testified about the first time appellant raped her. The next morning, WB asked appellant, "Why did you do that? You hurt me." WB testified that appellant replied, "Oh, you must have been talking about The Beast. You met The Beast last night." WB testified that appellant further explained, "Oh, that's a name I nicknamed – the girls in college that that happened to and they nicknamed – calls it The Beast."

Both the trial counsel and defense counsel referenced "The Beast" in closing argument. Trial counsel treated the reference as appellant's admission to the charged offenses. Meanwhile, defense counsel argued "The Beast" was WB's exaggeration and embellishment of the charged offenses.

Appellant made no objection at trial to any of "The Beast" references.

On appeal, appellant alleges the references to him as "The Beast" were impermissible character evidence and improper argument. During this court's initial Article 66, UCMJ, review of this case, appellee argued "The Beast" was not evidence of a character trait under Mil. R. Evid 404(a)(1), or in the alternative, it was not plain error. This court agreed with appellee that "The Beast" is not a character trait. This court did not conduct a plain error analysis, but instead relied upon the plain language of Mil. R. Evid. 103(a)[3] and Rule for Courts-Martial

---

[3] Military Rule of Evidence 103(a) states, "[a] party may claim error in a ruling to admit or exclude evidence only if the error materially prejudices a substantial right of the party and: if . . . a party on the record: timely objects or moves to strike . . . ."

[R.C.M.] 919(c)[4] and held appellant procedurally waived the asserted error by not objecting to the evidence or argument. After we issued our opinion in this case, the CAAF issued the opinion of *United States v. Davis*, holding that an appellant's failure to object is reviewed for plain error. 76 M.J. 224, 229 (C.A.A.F. 2017).

**ANALYSIS**

*A. Waiver*

Our superior court describes the difference between waiver and forfeiture as, "[a] forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law." *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (citation omitted). "While we review forfeited issues for plain error, we cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal." *Id*. (citations omitted).[5] In determining whether a particular circumstance constitutes waiver or forfeiture, we consider whether the failure to raise the objection at the trial level constituted an intentional relinquishment of a known right." *Id*. (citations omitted).

This is not a case where appellant merely failed to object to evidence. Not only did appellant never object to evidence or argument referencing "The Beast", the record makes clear that appellant *intentionally* relinquished his right to object. *See Campos*, 67 M.J. at 332-33 (holding the doctrine of waiver will apply, despite no objection from defense, if it is otherwise clear from the record that it was an intentional relinquishment of a known right).

Appellant's intentional relinquishment of his right to object to "The Beast" is apparent throughout all stages of the trial. First, appellant was fully aware of the content of his CID interview prior to trial. Appellant knew that he revealed to CID his nickname, "The Beast." Yet, appellant did not file a pre-trial motion to suppress the statement.[6] After hearing trial counsel reference "The Beast" in opening statement, appellant still did not object.

---

[4] Rule for Courts-Martial 919(c) states, "[f]ailure to object to improper argument before the military judge begins to instruct members on findings shall constitute waiver of the objection."

[5] However, this Court may elect to notice forfeited and waived error. *See* Article 66(c); *United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001). Our review of the record does not convince us that this would be appropriate in this case.

[6] Pursuant to Mil. R. Evid. 304(f)(1), "Motions to suppress or objection under this

(continued . . .)

Indeed, it was appellant who first elicited testimony of "The Beast" into evidence during cross-examination of the SJA. Further, when the government offered appellant's CID video interview into evidence, appellant stated he had "no objection" to its admission. Notably, appellant stated "no objection" before the military judge even asked if there was an objection to the video. *United States v. Swift*, 76 M.J. 210, 212 (C.A.A.F. 2017) (holding a statement of "no objection" to the admission of evidence at trial, waives an appellant's right to complain on appeal). Later, during WB's testimony and trial counsel's argument, appellant still raised no objection. Absent evidence to the contrary, we presume counsel are competent under *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Thus, a defense counsel's affirmative statement of "no objection" is a purposeful decision.

Indeed, the defense wrapped the nickname into its theory of the case, attempting to use the name to sow doubt about the victim's credibility. In appellant's own closing argument, counsel argued WB turned a joke into exaggerated rape.

Accordingly, we find appellant has affirmatively waived his right to object to the evidence and argument of "The Beast." *See United States v. Ahern*, 76 M.J. 194 (C.A.A.F. 2017) (holding appellant waived objection to his statements where he was aware of their content, had numerous opportunities to object at trial, and stated "no objection" when government moved for their admission).

## B. Forfeiture and Plain Error

Alternatively, even assuming appellant did not affirmatively waive objection to "The Beast," we find the admission of this evidence and argument was not plain error. "Where an appellant has not preserved an objection to evidence by making a timely objection, that error will be forfeited in the absence of plain error." *United States v. Brooks*, 64 M.J. 325, 328 (2007). To demonstrate relief is warranted under the plain error doctrine, an appellant must show that: (1) there was error; (2) the error was plain or obvious; and (3) the error was materially prejudicial to his substantial rights. *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (citing *Brooks*, 64 M.J. at 328). "[F]ailure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2016).

---

(. . . continued)
rule, or Mil. R. Evid. 302 or 305, to any statement or derivative evidence that has been disclosed must be made by the defense prior to submission of plea. In the absence of such motion or objection, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown. Failure to so move or object constitutes a waiver of the objection."

*1. Was there error?*

As an initial matter, we find appellant has not demonstrated that evidence of "The Beast" is error because it is not evidence of a character trait under Mil. R. Evid. 401(a). As we concluded previously, "[i]t is appellant's self-imposed nickname, and it is not 'necessarily suggestive of a criminal disposition.'" *Burris*, 2017 CCA LEXIS 315, at *6 (quoting *United States v. Farmer*, 583 F.3d 131, 145 (2d Cir. 2009)).

Second, use of "The Beast" was admissible evidence to demonstrate appellant's consciousness of guilt. *See United States v. Staton*, 69 M.J. 228, 230-31 (C.A.A.F. 2010) (recognizing "consciousness of guilt" as an exception to Mil. R. Evid. 404(b)). When, post-rape, appellant explained his behavior to WB as becoming "The Beast," appellant conveyed, to some greater or lesser extent, that he knew his conduct was wrong, even if trying to deflect moral culpability for his actions. As such, appellant displayed consciousness of guilt. Alternatively, the defense used "The Beast" to show that WB had taken a joke out of context as part of her confabulation of a rape crime. Both were proper uses of the evidence.

*2. Was the error plain and obvious?*

Even assuming error, it was not plain and obvious. When examining this prong, we ask whether the error was so obvious "in the context of the entire trial" that "the military judge should be 'faulted for taking no action' even without an objection." *United States v. Gomez*, 76 M.J. 76, 81 (C.A.A.F. 2017) (citing *United States v. Burton*, 67 M.J. 150, 153 (C.A.A.F. 2009) (quoting *United States v. Maynard*, 66 M.J. 242, 245 (C.A.A.F. 2008))); see also *United States v. Frady*, 456 U.S. 152, 163 (1982) (noting that error is clear if "the trial judge and prosecutor [would be] derelict in countenancing it, even absent the defendant's timely assistance in detecting it.").

It would have been improper for the government to introduce evidence and argue that appellant was an animal, and raped WB in conformity with his animal-like nature. The government came closest to this line when the trial counsel argued:

> [W]hen 'The Beast' as he described it himself, as he names it - - what does a beast do? Does a beast listen? Does a beast talk? Does a beast want your opinion, your insight on what's happening? No. A beast takes. A beast doesn't reason, and doesn't care. It was a perfect name because that's exactly what [WB] described to you from this stand in this courtroom when she talked about the times [appellant] would force his finger into her, force his penis into her when she was crying and saying no.

However, even this argument can be understood two ways. The government was allowed to argue that appellant's self-description was an accurate account of his actions. That he knowingly acted in an uncaring and sadistic manner when he raped WB. They could not argue that appellant is feral. To the extent that the government's argument can be understood two different ways, we review the record in the light most favorable to the prevailing party. Or, put differently, any error was not clear and obvious.

Any potential error in this case was so slight that both the military judge and appellant failed to recognize it. *See United States v. Short*, 77 M.J. 148, 151 (C.A.A.F. 2018) (noting alleged improper argument was not plain and obvious where neither the military judge nor appellant recognized it). The military judge did sua sponte raise a possible concern for improper argument when trial counsel made a statement that could have been interpreted as commenting on appellant's failure to testify. However, the military judge never raised a sua sponte concern for any references to "The Beast" at any stage of trial.

### 3. Was there material prejudice to a substantial right?

Lastly, even assuming a plain and obvious error, we conclude that evidence and argument referencing "The Beast" did not materially prejudice a substantial right of appellant. A finding or sentence of a court-martial "may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." UCMJ art. 59(a). The third prong is satisfied if appellant shows "a reasonable probability that, but for the error [claimed], the outcome of the proceeding would have been different." *United States v. Robinson*, 77 M.J. 294, 299 (C.A.A.F. 2018) (citation and quotation omitted).

The panel's mixed findings demonstrate that the members weighed the evidence at trial and independently assessed appellant's guilt. *See United States v. Sewell*, 76 M.J. 14, 19 (C.A.A.F. 2017). The panel acquitted appellant of ten of the eighteen specifications. Seven of the acquitted specifications related to incidents involving WB alleging offenses of assault consummated by a battery, sexual assault, sodomy, and communicating a threat. Notably, appellant was acquitted of the two specifications alleging he forcibly penetrated WB's anus with his finger, which trial counsel argued appellant committed consistent with his nickname. The panel members also excepted and substituted language in several of the specifications. References to "The Beast" were not so prejudicial that the panel convicted appellant of all charges and specifications. To the extent we can make inferences from a panel's findings, the panel's precise mixed findings and findings by exceptions and substitutions indicate the panel engaged in a careful deliberative process based on the evidence presented. We are "confident that the members convicted appellant on the basis of the evidence alone." *United States v. Hornback*, 73 M.J. 155, 161 (C.A.A.F. 2014).

7

## CONCLUSION

Having reviewed all allegations of error, including the matters remanded to this court, and all responses thereto, the findings of guilty and the sentence are AFFIRMED anew.

Chief Judge BERGER and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court