# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SALUSSOLIA, SALADINO, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ANGEL M. SANCHEZ**
**United States Army, Appellant**

ARMY 20140735

Headquarters, U.S. Army Maneuver Support Center of Excellence
Jeffery R. Nance, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Michael J. Millios, Esquire (argued); Lieutenant Colonel Christopher D. Carrier, JA; Michael J. Millios, Esquire (on brief); Captain Oluwaseye Awoniyi, JA.

For Appellee:  Captain Brian Jones, JA (argued); Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Jeremy Watford, JA; Captain Brian Jones, JA (on brief).

10 April 2019

-----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------------

SALADINO, Judge:

Our court previously conducted an appellate review of this case pursuant to Article 66, Uniform Code of Military Justice [UCMJ], affirming appellant's conviction and sentence.  *United States v. Sanchez*, ARMY 20140735, 2017 CCA LEXIS 203 (Army Ct. Crim. App. 28 Mar. 2017) (mem. op.); *United States v. Sanchez*, ARMY 20140735, 2017 CCA LEXIS 470 (Army Ct. Crim. App. 17 Jul. 2017) (mem. op. on reconsideration).[1]  The Court of Appeals for the Armed Forces

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of violating a general order by engaging in conduct of a sexual nature with basic trainees in violation of Article 92, UCMJ, 10 U.S.C. § 892.  Contrary to his pleas, the military judge convicted appellant of an additional specification of violating a general order, four specifications of cruelty and

(continued . . .)

(CAAF) subsequently granted review on the issues of whether this court misapplied the CAAF's controlling precedents in concluding: (1) the military judge did not consider charged misconduct as propensity evidence, and (2) the defense counsel "waived" this issue by failing to object at trial. The CAAF reversed this court's decision and returned the record to the Judge Advocate General of the Army for remand to this court for a new review under Article 66, UCMJ.

We have reviewed the record anew and find the military judge did consider charged misconduct as propensity evidence. Under the circumstances of this case, we are not convinced beyond a reasonable doubt that the use of charged misconduct as propensity evidence did not erroneously contribute to appellant's convictions of ten specifications of sexual assault. Accordingly, we provide relief in our decretal paragraph.[2]

## BACKGROUND

Appellant served as a drill sergeant at Fort Leonard Wood, Missouri. While assigned to a basic training unit, appellant engaged in a range of sexual misconduct with several female trainees including oral sex, digital vaginal penetration, groping and touching trainees, and sexually harassing and maltreating trainees by making sexually explicit and provocative comments to them. Appellant also sexually assaulted and sexually harassed a fellow drill sergeant.

Prior to trial, the government provided two notices of its intent to admit evidence under Mil. R. Evid. 413. The first notice stated the government intended to use charged sexual assault offenses as evidence appellant committed other charged sexual misconduct. The government's second notice indicated it intended to offer uncharged misconduct.[3]

---

(. . . continued)
maltreatment, and ten specifications of sexual assault and rape, in violation of Articles 92, 93, and 120, UCMJ, 10 U.S.C. §§ 892, 893, and 920. The military judge sentenced appellant to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority deferred adjudged and waived forfeitures and approved the remainder of the adjudged sentence.

[2] After due consideration, appellant's other assigned errors, in his original and supplemental briefs, do not merit discussion nor relief.

[3] At trial, the government made no attempt to offer evidence of uncharged misconduct and, consequently, the admissibility of uncharged misconduct is not before us on appeal.

During a closed Mil. R. Evid. 412 hearing pre-trial, the military judge asked counsel if they were prepared to discuss the government's Mil. R. Evid. 413 notice.[4] The defense counsel stated he did not recall receiving the motion. The military judge responded with the following:

> Well it's not a motion. [The government is] required to provide you notice so that if you object, you can file a motion. . . . [A]nd the 413 evidence is just – they're looking for the instruction that, "*If you believe he committed one of these, you can use that to infer that he might have committed the others," like propensity . . . .* (emphasis added).

The defense counsel replied, "Yes, sir. We have no objection to that, sir."

During the trial counsel's opening statement and rebuttal argument on findings, he asked the military judge to consider charged misconduct as propensity evidence.

## LAW AND DISCUSSION

We begin our review with a summary of the CAAF's decision in *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), and conclude appellant's case is analogous, warranting relief.

### A. Mil. R. Evid. 413 and Charged Misconduct

In *Hukill*, the government filed a pre-trial motion seeking to introduce evidence of each sexual misconduct charge under Mil. R. Evid. 413 to demonstrate Hukill's propensity to commit the other sexual misconduct. *Hukill*, 76 M.J. at 220. The defense counsel opposed the motion and the matter was litigated pre-trial. *Id*. at 220. The military judge issued a ruling on the record with a Mil. R. Evid. 403 analysis, and granted the government's motion. *Id*. In reversing this court's decision, the CAAF made clear in *Hukill*, "that under *Hills* the use of evidence of charged conduct as Mil. R. Evid. 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected." *Id*. 222; *see also United States v. Hills*, 75 M.J. 350

---

[4] Pursuant to Mil. R. Evid. 412(c)(2), a Mil. R. Evid. 412 motion, related papers, and the record of the Mil. R. Evid. 412 hearing must be sealed in accordance with Rule for Courts-Martial [R.C.M.] 1103A. Only matters requiring a closed hearing should be discussed in a closed hearing. We note in this case, the Mil. R. Evid. 413 discussion should have occurred in an open hearing, and not commingled with the sealed Mil. R. Evid. 412 matters.

(C.A.A.F. 2016). Our Superior Court also recognized *Hukill* was tried before it issued its decision in *Hills*, and at that time, the common understanding of the law, as evidenced by the Army Military Judges' Benchbook discussion of Mil. R. Evid 413, "was that the charged misconduct could be used as propensity evidence under [Mil. R. Evid. 413]." *Id.* at 222. The CAAF further stated:

> The military judge cannot be faulted for applying the accepted law at the time, however, after *Hills*, that interpretation of the law was no longer correct. The presumption is that the military judge knows and follows the law is only as valid as the law itself.

*Id.* at 223.

We find this case very similar to *Hukill*.[5] First, this case was decided prior to the CAAF's decision in *Hills*, when the common understanding of the law was that charged misconduct could be used as propensity evidence under Mil. R. Evid. 413. *See United States v. Burton*, 67 M.J. 150 (C.A.A.F. 2009); *see also* Dep't Army Pam. 27-9, Legal Services, Military Judge's Benchbook, ch. 7, n. 4 (1 Jan. 2010). Second, like *Hukill*, the military judge in this case indicated on the record that he believed Mil. R. Evid. 413 allowed the factfinder to consider charged misconduct as propensity evidence to commit sexual assault. Although the military judge did not rule on a motion permitting a proposed instruction like the military judge did in *Hukill*, he nonetheless stated the crux of the instruction, "'*If you believe he committed one of these, you can use that to infer that he might have committed the others*,' *like propensity . . . .*" (emphasis added). This statement clearly evinces the military judge's understanding of the law at the time—that charged misconduct could be used as propensity evidence. As the CAAF noted in *Hukill*, we also recognize the military judge in appellant's case cannot be faulted for applying the accepted law at the time. Nonetheless, we find error and must test for prejudice.

---

[5] We note one distinction between the present case and *Hukill* is that in this case the defense counsel did not object to the use of charged misconduct as propensity evidence. However, we find that given the understanding of the law at the time of appellant's trial, he had no colorable objection and therefore did not waive the issue. *See, e.g., Sweeney*, 70 M.J. 296, 304 (C.A.A.F. 2011). We also need not determine if appellant forfeited his right to object on appeal through his lack of objection at trial because we take notice of the issue pursuant to our Article 66, UCMJ, authority given the unique nature of this case, including its tortured history. *See, e.g., United States v. Chin*, 75 M.J. 220, 222-23 (C.A.A.F. 2016) (discussing the scope of the courts of criminal appeals' authority under Article 66 to notice error in a record not raised by counsel); *see also United States v. Conley*, ARMY 20170560, 2019 CCA LEXIS 88 (Army Ct. Crim. App. 28 Feb. 2019).

*B. Prejudice*

We next review whether the military judge's consideration of charged conduct as propensity evidence under Mil. R. Evid. 413 was harmless beyond a reasonable doubt. *See Hukill,* 76 M.J. at 222 (citing *United States v. Kreutzer,* 61 M.J. 293, 298 (C.A.A.F. 2005). In assessing the prejudice of this error, we are not convinced that there was no possibility the Mil R. Evid. 413 evidence contributed to appellant's convictions.

The strength of the evidence in appellant's case is similar to the evidence in *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017). In *Guardado*, the CAAF considered the nature of the government's case in that it consisted mainly of the victims' testimony without additional corroborating evidence. *Id*. at 94-95. In appellant's case, he was convicted of sexually assaulting seven different victims. Similar to *Guardado*, with the exception of corroboration of some tangential circumstances surrounding the sexual assaults, the bulk of the evidence supporting appellant's convictions rested on the victims' testimony.

Although we find the victims' testimony credible, we are not convinced beyond a reasonable doubt appellant was convicted of ten specifications of sexual assault based solely on their testimony. Appellant's case is not a case where the evidence is overwhelming, thus allowing us to "rest assured that an erroneous propensity instruction did not contribute to the verdict by 'tipp[ing] the balance in the [factfinder's] ultimate determination.'" *Guardado*, 77 M.J. at 94 (quoting *Hills*, 75 M.J. at 358). Accordingly, we cannot be confident that improper propensity evidence did not play a role in appellant's conviction.

## CONCLUSION

Upon reconsideration of the entire record, the findings of guilty as to Specifications 1, 2, 3, 4, 7, 8, 11, 13, 14, and 15 of Charge I are SET ASIDE. The remaining findings of guilty are AFFIRMED anew. The sentence is SET ASIDE. A rehearing may be ordered by the same or different convening authority on Specifications 1, 2, 3, 4, 7, 8, 11, 13, 14, and 15 of Charge I and on the sentence.

Senior Judge SALUSSOLIA and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5