UNITED STATES, Appellee

v.

Juan J. CAMPOS, Seaman
U.S. Navy, Appellant

No. 08-0409

Crim. App. No. 200602523

United States Court of Appeals for the Armed Forces

Argued December 17, 2008

Decided May 8, 2009

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and STUCKY and RYAN, JJ., joined.  BAKER, J.,
filed a separate concurring opinion.

Counsel


For Appellant:  Major Christian J. Broadston, USMC (argued).

For Appellee:  Lieutenant Elliot W. Oxman, JAGC, USN (argued);
Brian K. Keller, Esq. (on brief); Commander Paul C. LeBlanc,
JAGC, USN.

Military Judge:  Bruce W. MacKenzie


**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Consistent with his pleas, Seaman Juan J. Campos was convicted by a military judge of one specification of possessing child pornography and one specification of receiving child pornography, both in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). At sentencing, the military judge admitted a stipulation of expected testimony of a psychologist who had expertise in evaluating and treating sexual offenders. We granted review to consider whether it was plain error for the military judge to admit this stipulation because the expert did not personally evaluate Campos and in the stipulation he generally opined about minimal and optimal terms of confinement for a person convicted of possessing child pornography.

In reviewing this case we have determined that there is a threshold issue as to whether Campos expressly waived the right to challenge the admissibility of this expected testimony on appeal or merely forfeited the issue. We conclude that the right to challenge the admissibility of the stipulation of expected testimony was waived at trial which leaves us with no error to correct on appeal. Accordingly, we affirm the decision

of United States Navy-Marine Corps Court of Criminal Appeals on the ground of waiver.[1]

## Background

As part of a negotiated pretrial agreement, Campos agreed to stipulate to the expected testimony of the Government's expert witness, Dr. Dale Arnold. At trial, the Government moved for admission of the stipulation of Dr. Arnold's expected testimony, the stipulation of another witness's expected testimony, and a stipulation of fact. The military judge then discussed these stipulations with Campos.

As to the stipulations of expected testimony, the military judge explained that they represented "an agreement between the trial counsel, the defense counsel, and yourself that if Doctor Dale Arnold and ITSN Matthew Steubing were called as witnesses in this case and sworn, they would testify substantially under oath as [indicated] within each of [their] stipulations." The military judge also explained that entering into the stipulations of expected testimony did not admit the truth of the testimony, which could be "attacked and contradicted or explained in the same way as anyone[] else's testimony in this case." In addition, the military judge explained to Campos that

---

[1] The Court of Criminal Appeals found that admission of the stipulation of expected testimony was not error. United States v. Campos, No. NMCCA 200602523, 2008 CCA LEXIS 7, at *5-*6, 2008 WL 160776, at *1-*2 (N-M. Ct. Crim. App. 2009) (unpublished). We do not reach that issue.

he had the right not to enter into any or all of the stipulations and none of them would be accepted without his consent.

Campos indicated that he understood the military judge's explanations and the military judge then asked him, "Do you accept the use of these?"  Campos answered affirmatively.  The military judge then asked whether "counsel for both sides desire to enter into each one of these stipulations."  Both counsel answered affirmatively.  This was immediately followed by the military judge asking, "Any objection to any of the stipulations?"  Only the defense counsel responded, answering, "No, Your Honor."  The military judge admitted each of the stipulations into the record.

## Discussion

On appeal to this court Campos has challenged the admissibility of Dr. Arnold's expected testimony on a number of grounds:  it violated Rule for Courts-Martial 1001(b)(5) because Dr. Arnold had no personal knowledge of Campos; it recommended a specific sentence; and it concerned inappropriate collateral matters.  These objections were not brought to the attention of the military judge when the stipulation of expected testimony was introduced at trial so there is a threshold issue in this case as to whether Campos expressly waived the right to

4

challenge the admissibility of Dr. Arnold's expected testimony on appeal or merely forfeited the issue.

"A forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law." United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005). "While we review forfeited issues for plain error, we cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal." United States v. Pappas, 409 F.3d 828, 830 (7th Cir. 2005) (citation and quotation marks omitted); see also United States v. Harcrow, 66 M.J. 154, 156 (C.A.A.F. 2008). In determining whether a particular circumstance constitutes a waiver or a forfeiture, we consider whether the failure to raise the objection at the trial level constituted an intentional relinquishment of a known right. See Harcrow, 66 M.J. at 156 (citing United States v. Olano, 507 U.S. 725, 733-34 (1993)).

This is not simply a case where testimony came into evidence without any objection or comment from defense counsel. If that were the case, we would review for plain error.[2] Here

---

[2] Military Rule of Evidence 103(d) allows appellate courts to recognize plain errors that materially prejudice an accused's substantial rights even though defense counsel has failed to make a timely objection. "The plain error standard is met when '(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights.'" United States v. Maynard, 66 M.J. 242, 244 (C.A.A.F. 2008) (quoting United States v. Hardison, 64 M.J. 279, 281 (C.A.A.F. 2007).

the testimony at issue is from a witness that both parties had stipulated need not appear at the trial.  In addition, prior to admitting the document into evidence the military judge asked if there were any objections and defense counsel expressly indicated that he had none.

Entering into a stipulation of expected testimony is not necessarily the equivalent of consenting to the admission of the testimony.  See United States v. Glazier, 26 M.J. 268, 270 (C.M.A. 1988) (noting that a stipulation that includes consent to the admission of the testimony must state so expressly).  In this case, the stipulation of expected testimony amounted to an agreement between Campos, defense counsel and trial counsel that if Dr. Arnold were called to testify, he would testify under oath as reflected in the document.  In light of the military judge's detailed explanation of the stipulation, Campos's agreement to "use of" the stipulation, and defense counsel's representation that he desired to enter into the stipulation, the record clearly reflects that Campos waived any right to claim error on the ground that Dr. Arnold did not personally appear to present live testimony.

However, the stipulation itself did not expressly consent to the admission of the testimony and the colloquy between the military judge and the parties did not clearly separate the question of entering into the stipulation from the question of

the admissibility of the substance of the testimony. As such, the more difficult question is whether by answering "no" after the military judge asked for objections, defense counsel waived the issue of admissibility.

Many courts have taken the position that where there is no objection and it is otherwise clear from the record that it was an intentional relinquishment of a known right, the doctrine of waiver will apply.[3] While circumstances may arise where a "no objection" statement by a defense attorney is not enough to demonstrate an intentional relinquishment of a known right, the record in this case does in fact reflect such a relinquishment.

---

[3] See United States v. Smith, 531 F.3d 1261, 1267 (10th Cir. 2008) (finding waiver where counsel not only represented that he had no objection to the admission of certain evidence but also relied on the evidence); United States v. Medina, 427 F.3d 88, 91 (1st Cir. 2005) (finding waiver based on counsel's persistent and reasoned refusal of judge's suggestion to object to admission of evidence or obtain a cautionary instruction); United States v. Pittman, 319 F.3d 1010, 1012 (7th Cir. 2003) (finding waiver on the grounds that counsel affirmatively represented that he had no objection to admission of the evidence); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (finding waiver where counsel identified an issue by objecting to it at trial and then deliberately withdrew the objection); United States v. Cooper, 243 F.3d 411, 416 (7th Cir. 2001) (finding waiver where counsel repeatedly stated that he had no objection to the admission of evidence despite the magistrate's insistence that defense had the right to be heard on the issue and counsel used the evidence during his opening statement, cross-examination, and closing argument to bolster his theory of the case); United States v. Mitchell, 85 F.3d 800, 807-09 (1st Cir. 1996) (finding waiver where there was a direct inquiry from the judge on the precise issue and an unequivocal assent from defense counsel); United States v. Yu-Leung, 51 F.3d 1116, 1122 (2d Cir. 1995) (finding waiver when evidence in

The record includes an e-mail from defense counsel to Dr. Arnold that was sent several days before trial in which defense counsel represented that he "reviewed a document which outlines your [Dr. Arnold's] expected testimony" and expressed a desire to speak with Dr. Arnold over some questions that he had about the substance of the testimony.

In light of this document, there is no question that defense counsel had advance notice of the substance of Dr. Arnold's testimony, that he reviewed the expected testimony, and that he considered the impact of the stipulation on his client's case. At trial the military judge presented defense counsel with an opportunity to voice objections to the expected testimony and counsel responded that he had no objections.

On appeal, Campos has not alleged ineffective assistance of counsel in this regard and the record does not support a conclusion that defense counsel's clear "no objection" response amounted to anything less than a waiver in the circumstances of this case.[4] Therefore, we conclude that there was a waiver to object to both the stipulation of expected testimony of Dr.

---

question was extensively used by the defense and failure to object constituted a strategic choice).

[4] While other courts have held that where the record is unclear as to whether there was an intentional relinquishment of a known right the plain error doctrine should apply, the record before us does not support such an uncertainty. See United States v. Tobin, 155 F.3d 636, 642 (3d Cir. 1998); United States v. Perez, 43 F.3d 1131, 1136 (7th Cir. 1994).

Arnold and to the substance of that testimony.  As a result there is no error for us to review.

Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Campos, No. 08-0409/NA

BAKER, Judge (concurring):

I agree with the Court's resolution of this case on the basis of waiver, informed by the longstanding principle that a military judge is presumed to know the law and act according to it absent some contrary indication in the record. United States v. Erickson, 65 M.J. 221, 225 (C.A.A.F. 2007); United States v. Raya, 45 M.J. 251, 253 (C.A.A.F. 1996); United States v. Prevatte, 40 M.J. 396, 398 (C.M.A. 1994). However, the presumption notwithstanding, I write separately to express some skepticism that the military judge followed the proscription set forth in United States v. Ohrt, 28 M.J. 301, 305 (C.M.A. 1989). I am not confident that the military judge did not defer to the expert in arriving at the sentence in this case. However, other than the adjudged sentence, it is equally clear that there is little in the record to indicate that the military judge, in fact, failed to adhere to the principles in Ohrt.

A military judge is responsible for, among other things, ensuring that sentencing is conducted pursuant to certain fundamental sentencing principles and procedures. See United States v. Heflin, 1 M.J. 131, 133 (C.M.A. 1975) (noting that a military judge's "primary judicial responsibility [is] to assure that a court-martial is conducted in accordance with sound legal principles"). Two such principles apply here.

United States v. Campos, No. 08-0409/NA

First, witnesses at courts-martial are prohibited from offering opinions regarding the quantum and quality of punishment warranted.  This function resides solely within the province of the members or the military judge, depending upon the chosen forum.  "The question of appropriateness of punishment is one which must be decided by the court-martial; it cannot be usurped by a witness."  Ohrt, 28 M.J. at 305.

Second, military sentencing is predicated on the concept of individualized sentencing.  United States v. Baier, 60 M.J. 382, 383 (C.A.A.F. 2005); United States v. Mamaluy, 10 C.M.A. 102, 107, 27 C.M.R. 176, 181 (1959).  Thus, while military judges may bring to their deliberations their knowledge of both the law and human nature, they may not apply sentencing criteria that ignore the concept of individualized sentencing.  Military sentencing is based on consideration of individualized factors related to the crime and the character of the offender rather than generalized sentencing theories or principles, with the concept of general deterrence being the notable exception.  United States v. Varacalle, 4 M.J. 181, 183 (C.M.A. 1978).

Here, Dr. Arnold offered a minimum sentencing recommendation to the sentencing authority.  Moreover, that opinion was presented without reference or relationship to Appellant in particular.  Now, it may be sheer coincidence that the adjudged confinement comports precisely with that

2

recommended by the expert witness in this case. In light of the rebuttable presumption that a military judge is presumed to know the law, absent evidence to the contrary, I must assume that the military judge would not have relied on the witness's formulaic sentencing recommendation in lieu of the specific circumstances of Appellant's case. But on the chance that it may not be coincidence, I write separately here to emphasize the responsibility of military judges to adhere to the principles of military justice sentencing when sitting as the sentencing authority.