ERDMANN, Judge
(concurring in part and in the result):
I concur with the majority’s analysis and resolution of the substantive issue and write only to express my view of the waiver issue. The majority deals with waiver by holding that “we need not reach the issue of waiver because, even assuming that Appellant merely forfeited the issue, we conclude that he failed to carry his burden to show prejudice under a plain error analysis.” United States v. Clifton, 71 M.J. 489, 491 (C.A.A.F.2013). However, I believe the issue of waiver must be addressed because, if there was a waiver, there is nothing for an appellate court to consider. United States v. Campos, 67 M.J. 330, 332 (C.A.A.F.2009). This inquiry begins with a determination as to whether the issue of waiver is properly before the court or whether the United States Army Court of Criminal Appeals’s (CCA’s) ruling constitutes the law of the case. Here, because the Government raised the issue of waiver in its brief but did not certify the issue pursuant to C.A.A.F. R. 19(b)(3), I would hold that the issue is not properly before this court.
At court-martial the military judge denied a panel member’s request to recall two witnesses. Both parties affirmatively stated they had no objection to that ruling. Clifton appealed to the CCA arguing that the military judge erred in failing to recall the requested witnesses. The issue as to whether defense counsel waived the alleged error was litigated before the CCA and that court held the issue had not been waived. United States v. Clifton, No. ARMY 20091092, slip op. at 3, 2012 WL 1405727 (A.Ct.Crim.App. Apr. 23, 2012) (citing United States v. Lampani, 14 M.J. 22 (C.M.A.1982)). The CCA subsequently held that while the military judge erred, the error was harmless. Id. at 5.
“ ‘[W]aiver is the intentional relinquishment or abandonment of a known right.’” United States v. Sweeney, 70 M.J. 296, 303 (C.A.A.F.2011) (quoting United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). A waived issue is not reviewed at all on appeal “ ‘because a valid waiver leaves no error for [this court] to correct on appeal.’ ” United States v. Campos, 67 M.J. 330, 332 (C.A.A.F.2009) (quoting United States v. Pappas, 409 F.3d 828, 830 (7th Cir.2005)).[1] It is therefore clear that whether an issue is “waived” by a party is a threshold issue that must be addressed before a court can consider the substantive issue being appealed.
Under the court’s rules prior to 2007, the government was placed in a difficult situation. The accused had sixty days from the date of the CCA decision to file a petition at this court. The government had thirty days from the date of the CCA decision to certify an issue to this court.[2] The government *494 would often see no need to certify an issue to this court in a case where it may have failed to prevail on every issue before the CCA, but ultimately prevailed in having the conviction affirmed. However, where an accused had filed a petition with this court which had been granted, by the time of the grant the government was often time-barred from certifying an issue, even though the non-appealed issue may have impacted the government’s ability to respond to the accused’s issue.
Because of these filing deadlines, this court would find itself faced with situations where an accused would file a petition asserting that the CCA erred and the government would often respond by arguing that another, non-appealed, portion of the CCA decision was error. However, “[u]nder the ‘law of the case’ doctrine, an unchallenged ruling ‘constitutes the law of the ease and binds the parties.’ ” United States v. Morris, 49 M.J. 227, 230 (C.A.A.F.1998) (quoting Grooters, 39 M.J. at 273). As a result, we would spend a good deal of time entertaining arguments as to whether the “law of the case” doctrine should apply to bar litigation of the non-appealed issues or whether the government’s issue was reasonably contained in the granted issue. See, e.g., United States v. Lewis, 63 M.J. 405, 412-13 (C.A.A.F.2006); United States v. Parker, 62 M.J. 459, 465 (C.A.A.F. 2006); United States v. Doss, 57 M.J. 182, 185 (C.A.A.F.2002).
In recognition of this situation, we amended C.A.A.F. R. 19(b)(3) in 2006 to give the government thirty days from the date that we granted an issue in which to certify an issue.[3] The amendment was an attempt to provide the government with ample time in which to determine whether, in light of the granted issue, there were any adverse issues at the CCA level which needed to be formally brought before this court. As the explanation stated in the Federal Register:
This amendment allows the Judge Advocate General to certify issues within 30 days of the granting of a petition for grant of review. This opportunity to certify issues is believed to be appropriate because in some cases, the Judge Advocate General may be reluctant to certify issues and require review by this Court unless the Court will otherwise be reviewing the case at the appellant’s request. Once review is granted, the Judge Advocate General should be able to certify additional issues and thereby maximize the Court’s opportunity to provide complete review. It is not anticipated that this rule will produce a significant increase in the number of certified issues presented. Also, the rule provides a mechanism whereby cases involving certified and granted issues will be consolidated for purposes of briefing. This eliminates the need for separate briefing cycles for both sets of issues.
U.S. Court of Appeals for the Armed Forces Proposed Rules Changes, 71 Fed.Reg. 64,-251, 64,253-54 (Nov. 1, 2006).
That amendment became effective on January 1, 2007, almost two years before this case was tried. 64 M.J. 358, 359 (C.A.A.F. 2006) (order announcing rule change). The amendment was intended to create a process whereby the issues that this court was asked to decide were clearly set forth by the parties, who could then provide the court with their respective arguments. That process eliminates uncertainty and benefits not only the court and the parties but the military justice system in general. See generally Yee v. City of Escondido, 503 U.S. 519, 536, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992) (“Were we routinely to entertain questions not presented in the petition for certiorari, much of this efficiency [resulting from the petition system] would vanish, as parties who feared an inability to prevail on the question presented would be encouraged to fill their limited briefing space and argument time with *495 discussion of issues other than the one on which certiorari was granted.”); Soto v. ABX Air, Inc., No. 07-11035, 2010 U.S. Dist. LEXIS 85222, at *4, 2010 WL 3290982, at *2 (E.D.Mich. Aug. 19, 2010)[4] (“[Party’s] attempt to raise this issue at oral argument, without briefing the issue, puts both the parties and the court at a disadvantage in deciding this issue.”). Further, the process envisioned by the amendment promotes the purpose of Article 67, UCMJ, by requiring that appellate issues not raised by the accused are certified by the Judge Advocate General, rather than raised sua sponte in the course of litigation by appellate government counsel. This case is a perfect example as to why the court adopted the amendment to C.A.A.F. R. 19(b)(3).
It was hoped that the amended rule would allow us to spend our time addressing the issues that the parties felt necessary to litigate rather than spending our time determining which issues were properly before the court. While some might fear that compliance with the rule would increase the number of government certifications, I agree with the court’s comment in the Federal Register that it will not.[5] I believe compliance with the rule will result in the government appropriately certifying only those issues which it believes are necessary to the resolution of a case already granted. I suspect that from the government’s perspective, it would also be better to ensure that the court will address those issues through the certification process, rather than gambling on whether the court will address an issue which was not appealed nor certified. It will certainly provide a more efficient procedure for identifying and litigating issues before this court.
In light of the rule change, once an issue has been granted by this court, the government should certify any issue upon which it did not prevail at the CCA and which it deems necessary to litigate before this court. Because the Government failed to certify the CCA’s waiver decision, that issue is not properly before the court. As that would lead to the plain error analysis conducted by the majority, I join that portion of the majority’s opinion.

. While Judge Stucky is correct to observe that “valid waiver leaves no error for [this court] to correct on appeal,” Campos, 67 M.J. at 332, he fails to note that the law of the case doctrine is itself a species of waiver. United States v. Grooters, 39 M.J. 269, 273 (C.M.A.1994) (citing Morris v. American National Can Corp., 988 F.2d 50, 52 (8th Cir. 1993)). Therefore, the Government’s failure to certify the allegedly erroneous decision of the CCA concluding that the error was not waived, was itself a waiver which "leaves no error [of the CCA] for [this court] to correct on appeal,” regardless of whether the issue was waived at trial.

. The rule was amended in 2012 to provide the Judge Advocate General sixty days from the deci *494 sion of the CCA to certify an issue for our review. U.S. Court of Appeals for the Armed Forces Proposed Rules Changes, 77 Fed.Reg. 23,226, 23,227 (Apr. 18, 2012); 71 M.J. 375 (C.A.A.F. 2012) (order announcing rule change to take effect Sept. 1, 2012).

. This provision was not amended by the 2012 changes, leaving the Judge Advocate General periods of sixty days from the CCA decision and thirty days from a grant of review in which to certify an issue.

. Set aside on other grounds by Soto v. ABX Air, Inc., No. 07-11035, 2010 U.S. Dist. LEXIS 117116, 2010 WL 4539454 (E.D.Mich. Nov. 3, 2010).

. "It is not anticipated that this rule will produce a significant increase in the number of certified issues presented.” 71 Fed.Reg. at 64,254. This comment was prepared by the Rules Advisory Committee of the United States Court of Appeals for the Armed Forces.