Judge RYAN,
concurring in the result.
Because I would decide this case on a more narrow basis than either the majority or the dissent, I do not reach the question whether Appellant’s second court-martial panel satisfied the dictates of Article 25, UCMJ, 10 U.S.C. § 825 (2012). It is axiomatic that “a valid waiver leaves no error for us to correct on appeal.” United States v. Campos, 67 M.J. 330, 332 (C.A.A.F. 2009). Appellant voluntarily chose a military judge-alone trial, for undisclosed reasons, and thus waived his right to complain about the composition of a panel that was of no further relevance to his court-martial.
In United States v. Greene, we held that a defendant does not waive his right to appeal the composition of his court-martial panel if his decision to seek a trial by military judge alone is compelled by an unfair panel selection process. 20 U.S.C.M.A. 232, 239, 43 C.M.R. 72, 79 (1970). We also held in United States v. Butler that a military judge has broad discretion to deny a defendant’s request to waive a trial by members. 14 M.J. 72, 73 (C.M.A 1982); Rule for Courts-Martial (R.C.M.) 903(e)(2). In light of Greene and Butler, it should come as no surprise that the military judge in this case made clear that he would not accept Appellant’s request to be tried by military judge alone if the panel selection process forced that decision.
Appellant’s decision was not forced, and the military judge did not abuse his discretion by accepting Appellant’s request for a military judge-alone trial. Appellant told the military judge, “I don’t think [the panel selection process] forced me, sir,” His counsel affirmed that he had other reasons than the panel selection process for waiving the panel. And before granting Appellant’s request for a military judge-alone trial, the military judge asked Appellant multiple times whether his waiver of the right to a trial by a panel of members was knowing, intelligent, voluntary, and free of coercion, Appellant answered affirmatively each time. If we take Appellant and his counsel at their word (and there is no basis not to), Appellant’s waiver was voluntary, based at least in part on factors other than the selection process. Greene is inapposite.
By knowingly and voluntarily waiving his right to a trial by members, Appellant waived the concomitant right to complain that the member selection process violated Article 25, UCMJ. If he had gone forward with a trial by members, the issue of the flawed member selection process was preserved, as the military judge recognized.[1] And if the members had convicted him, he perhaps would have been able to articulate prejudice caused by the panel, as Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012), requires. However, because he waived his right to trial by members for reasons unrelated to the member selection process, there is neither an “error for us to correct on appeal,” Campos, 67 M.J, at 322, nor articulable prejudice to Appellant that can be traced to an error in the member selection process. I therefore respectfully concur in the result.

. It is not entirely unreasonable to conclude—as the majority does—that the military judge told Appellant that the panel composition issue was preserved whether or not Appellant waived his right to a panel. However, in my view, that is the least plausible reading of the record. In context, it appears certain (and also consistent with how the law actually works) that the military judge advised Appellant that the panel composition issue was preserved only if he proceeded to trial by the panel.