*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, STEWART, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Adam K. DAVIS**
Staff Sergeant (E-6), U.S. Marine Corps
*Appellant*

**No. 202000073**

Decided: 30 August 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
K. Scott Woodard

Sentence adjudged 22 November 2019 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 10 years,[1] and a dishonorable discharge.

For Appellant:
*Major Brian L. Farrell, USMC*

---

[1] The convening authority suspended confinement in excess of 48 months pursuant to a pretrial agreement.

For Appellee:
*Lieutenant John L. Flynn, JAGC, USN*
*Major Clayton L. Wiggins, USMC*

———————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of two specifications of distributing child pornography and one specification each of producing child pornography, receiving child pornography, possessing child pornography, and indecent visual recording, in violation of Articles 120c and 134, Uniform Code of Military Justice [UCMJ].[2]

In his sole assignment of error [AOE], Appellant contends that the minor victim's designee provided an improper victim impact statement by including hearsay conversations with the victim's non-testifying mother, statements of hypothetical future impacts, and argument on behalf of the community. We find that Appellant waived the issue and affirm.

## I. BACKGROUND

Appellant took pornographic pictures of his eight-year-old daughter, Ashbee,[3] traded those images online with another servicemember for pornographic images of the servicemember's seven-year-old son, and used a hidden camera to record the private areas of a fellow Marine without her knowledge or consent. In his pretrial agreement, under which he agreed to plead guilty to these and other offenses, both parties agreed not to object on various grounds, including hearsay, to "relevant unsworn testimony by a crime victim

---

[2] 10 U.S.C. §§ 920c, 934.

[3] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

who exercises the right to be reasonably heard and is called by the court-martial in accordance with [Rule for Courts-Martial] R.C.M. 1001A."[4]

The military judge appointed Ms. Hart to serve as Ashbee's designee under R.C.M. 801(a)(6), and she gave an unsworn victim impact statement in that capacity. In the unsworn statement, Ms. Hart stated that Ashbee "does not know what her father did to her," that "she will not know to protect herself if her father was to return home," and that "[p]lacing [Appellant] back in the home would jeopardize Ashbee's safety and security in the most fundamental way."[5] Ms. Hart also stated that she had

> communicated with Mrs. [Dalton], Ashbee's mother, through a series of text messages and Mrs. [Dalton] firmly believes that this entire incident was caused by cyber hackers infiltrating their online accounts. Mrs. [Dalton] does want what's best for Ashbee, but at this time Mrs. [Dalton] does not feel that she has been provided enough evidence to convince her that her husband has done anything wrong.
>
> Mrs. [Dalton] is also very concerned that the family will suffer from financial hardship if [Appellant] was found guilty. As such, Ashbee's mother would welcome [Appellant] home upon his release and might continue to believe that all is well. Due to these factors, as a community, we must step in and provide a voice for an innocent, and do our part to protect Ashbee from any further harm or exploitation at the hands of [Appellant].[6]

Prior to Ms. Hart reading the statement aloud at trial, Appellant's civilian defense counsel informed the military judge that he had had an opportunity to review the statement and when asked whether he had any objection stated, "No, Your Honor."[7] Later, during Appellant's unsworn statement, Appellant was asked by his defense counsel, "You heard [Ms. Hart's] state-

---

[4] Appellate Ex. VII at 3. The rule regarding a crime victim's right to be reasonable heard at a sentencing hearing, previously codified at R.C.M. 1001A, is now codified at R.C.M. 1001(c).

[5] R. at 115–16.

[6] R. at 116.

[7] R. at 115.

ment, do you agree with what she said in her statement?"[8] Appellant responded, "Yes. Completely."[9]

During the Government's sentencing argument, the trial counsel pointed out that the military judge had "heard about the current situation in the home with the challenges that Mrs. [Dalton] has" and that Mrs. Dalton "doesn't understand and fully appreciate the gravity of her husband's crime."[10] The trial counsel mentioned this "to really paint the picture of the situation here and the importance of the fact that the only institution positioned to protect [Ashbee] is this court."[11] The Defense did not object to these statements.

## II. DISCUSSION

We review de novo whether an appellant has waived an issue.[12] In distinguishing between waiver and forfeiture, we must assess whether an appellant merely failed to make a timely assertion of a right—forfeiture—or whether he intentionally relinquished or abandoned a known right—waiver.[13] We generally do not review waived issues "because a valid waiver leaves no error for us to correct on appeal."[14]

Pursuant to R.C.M. 1001(c)(3), the contents of victim impact statements may only include matters in mitigation and "victim impact," which is defined to include "any financial, social, psychological, or medical impact on the crime victim directly relating to or arising from the offense of which the accused has been found guilty."[15] "A victim's statement should not exceed what is permitted under R.C.M. 1001(c)(3)," and "[u]pon objection by either party or *sua sponte*, a military judge may stop or interrupt a victim's statement that includes matters outside the scope of R.C.M. 1001(c)(3)."[16] "While the military

---

[8] R. at 138.

[9] R. at 138.

[10] R. at 146.

[11] R. at 146.

[12] *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020).

[13] *Id.* (citing *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)).

[14] *Id.* (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

[15] R.C.M. 1001(c)(2)(B).

[16] R.C.M. 1001(c)(5)(B), Discussion.

judge is the gatekeeper for unsworn victim statements, an accused nonetheless has a duty to state the specific ground for objection in order to preserve a claim of error on appeal."[17] Moreover, where counsel does not just "fail to object," but "affirmatively decline[s] to object" when the military judge asks whether there is any objection to a particular matter, our superior court has held that the issue is waived, not forfeited.[18]

Here, Appellant knowingly and intelligently waived any objection to the victim impact statement. After the parties agreed not to object to a victim impact statement on various grounds—including hearsay which Appellant now raises in his AOE—Appellant's defense counsel expressly told the military judge he had reviewed the statement and when asked whether he had any objection stated, "No, Your Honor." Further, when asked by his counsel during his own unsworn statement whether he agreed with "what [Ms. Hart] said in her statement," Appellant responded "Yes. Completely."[19] We find that under these circumstances Appellant intentionally relinquished and abandoned his known right to object to the statement. The issue is therefore waived.

We recognize that our duty under Article 66, UCMJ, to approve only findings and sentences that "should be approved" gives us the power to decide "whether to leave an accused's waiver intact, or to correct error."[20] In this case, not only did his defense counsel affirmatively decline to object after reviewing the statement, but Appellant also went so far as to adopt the statement in toto during his own unsworn testimony. We decline to disregard Appellant's waiver under such circumstances.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and

---

[17] *United States v. Tyler*, 81 M.J. 108, 113 (C.A.A.F. 2021).

[18] *Davis*, 79 M.J. at 330-31 (holding that the appellant waived all objections to the military judge's findings instructions where his counsel responded, "No, Your Honor," when the military judge asked whether there were any objections to his instructions).

[19] R. at 138.

[20] *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) (quoting Article 66, UCMJ).

fact and that no error materially prejudicial to Appellant's substantial rights occurred.[21]

However, we note that the Entry of Judgment does not accurately reflect the modification of the sentence by the convening authority pursuant to the pretrial agreement. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[22] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[21] Articles 59 & 66, UCMJ.

[22] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202000073 |
| **v.** | **ENTRY OF JUDGMENT** |
| **Adam K. DAVIS** **Staff Sergeant (E-6)** **U.S. Marine Corps** *Accused* | *As Modified on Appeal* **30 August 2021** |

On 5 August and 22 November 2019 the Accused was tried at Marine Corps Base Camp Lejeune, North Carolina, by a general court-martial, consisting of military judge sitting alone. Military Judge Kevin S. Woodard, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Production of Child Pornography between on or about 26 September 2018 and on or about 19 October 2018.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:** **Distribution of Child Pornography between on or about 26 September 2018 and on or about 19 October 2018.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 3:** **Receipt of Child Pornography between on or about 26 September 2018 and on or about 19 October 2018.**

*Plea:* Guilty.

*Finding:* Guilty.

**Additional
Charge I:** **Violation of Article 120c, Uniform Code of Military Justice, 10 U.S.C. § 920c.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification:** **Indecent Visual Recording on or about 10 and 11 March 2016.**

*Plea:* Guilty.

*Finding:* Guilty.

**Additional
Charge II:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 1:** **Possession of Child Pornography between on or about 2 July 2014 and on or about 17 December 2015.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2:** **Distribution of Child Pornography between on or about 15 October 2018 and on or about 24 October 2018.**

*Plea:* Guilty.

*Finding:* Guilty.

### SENTENCE

On 22 November 2019, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for 10 years.**

**A dishonorable discharge.**

All confinement in excess of 48 months was suspended by the convening authority pursuant to the pretrial agreement.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court