# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM 39407 (rem)**

---

**UNITED STATES**
*Appellee*

v.

**Humphrey DANIELS III**
Lieutenant Colonel (O-5), U.S. Air Force, *Appellant*

---

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 25 February 2025

---

*Military Judge*: L. Martin Powell (arraignment); J. Wesley Moore (motions); Natalie D. Richardson (motions and trial).

*Approved Sentence*: Dismissal, confinement for 2 years and 252 days, and a reprimand. Sentence adjudged 14 June 2017 by GCM convened at Joint Base Andrews Naval Air Facility Washington, Maryland.

*For Appellant*: Major Jenna M. Arroyo, USAF; Major Matthew L. Blyth, USAF; Major Samantha P. Golseth, USAF; Megan P. Marinos, Esquire; Tami L. Mitchell, Esquire; Dwight H. Sullivan, Esquire.

*For Appellee*: Colonel Steven R. Kaufman, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Lieutenant Colonel Amanda L.K. Linares, USAF; Major Cortland T. Bobczynski, USAF; Major Brittany M. Speirs, USAF; Major Zachary West, USAF; Captain Tyler R. Washburn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and DOUGLAS *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge DOUGLAS joined.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

JOHNSON, Chief Judge:

Appellant's case has a lengthy appellate history and is now before us for the third time. On 14 June 2017, a general court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification of negligent dereliction of duty, one specification of rape, and four specifications of conduct unbecoming an officer and a gentleman in violation of Articles 92, 120, and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 933, corresponding to Charges I, II, and III, respectively.[1,2] The court members adjudged a sentence of a dismissal, confinement for three years, and a reprimand. The convening authority reduced the term of confinement to 2 years and 252 days, but otherwise approved the adjudged sentence. The convening authority also deferred the mandatory forfeiture of pay and allowances from the effective date of the forfeiture until the date the convening authority took action on the sentence.

On appeal, Appellant initially raised 14 issues including, *inter alia*, whether the statute of limitations had expired on the charged offense of rape (Charge II), and whether the military judge erred in admitting a "911 phone call" into evidence.[3] *See United States v. Daniels*, No. ACM 39407, 2019 CCA LEXIS 261 (A.F. Ct. Crim. App. 18 Jun. 2019) (unpub. op.), *rev'd*, 81 M.J. 64 (C.A.A.F. 2021). Applying our superior court's holding in *United States v. Mangahas*, 77 M.J. 220, 224–25 (C.A.A.F. 2018), *overruled by United States v. Briggs*, 592 U.S. 69, 78 (2020), this court set aside the findings of guilty as to Charge II and its Specification. In addition, this court set aside the finding of guilty as to Specification 2 of Charge III as factually insufficient, and excepted and substituted certain language in the Specification of Charge I on the basis of legal and factual insufficiency, setting aside the excepted language. *Daniels*, unpub. op. at *23–24. With respect to the remaining issues, this court found Charge I and its Specification (as modified) and Specifications 1, 3, and 5 of

---

[1] References to Article 120, UCMJ, are to the version found in the *Manual for Courts-Martial, United States* (1998 ed.). All other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*), unless otherwise indicated.

[2] The court members found Appellant not guilty of one specification of conduct unbecoming an officer and a gentleman in violation of Article 133, UCMJ, 10 U.S.C. § 933.

[3] Appellant personally raised the latter issue pursuant to *United States v. Grostefon*, 12 M.J. 431, 436 (C.M.A. 1982).

Charge III were legally and factually sufficient. This court did not grant Appellant relief with respect to the alleged erroneous admission of the 911 call. This court dismissed Charge II and its Specification and Specification 2 of Charge III with prejudice, set aside the sentence, and returned the record to The Judge Advocate General "for further processing consistent with [its] opinion." *Id.*

The Judge Advocate General certified Appellant's case for review by the United States Court of Appeals for the Armed Forces (CAAF) which, in light of its decision in *Mangahas*, summarily affirmed this court's decision. *United States v. Daniels*, 79 M.J. 150 (C.A.A.F. 2019) (mem.), *rev'd sub nom. United States v. Briggs*, 592 U.S. 69, 78 (2020).

The Government then filed a petition for writ of certiorari with the United States Supreme Court, which granted the petition, reversed the CAAF's judgment, and remanded Appellant's case for further proceedings. *Briggs*, 592 U.S. at 78. On remand to the CAAF, our superior court vacated its prior ruling, reversed this court's opinion "as to Charge II and its Specification," and returned the record of trial to The Judge Advocate General for remand to this court "for a new review under Article 66," UCMJ, 10 U.S.C. § 866. *United States v. Daniels*, 81 M.J. 64 (C.A.A.F. 2021) (mem.).

Upon remand to this court, Appellant raised 15 issues. *United States v. Daniels*, No. ACM 39407 (rem), 2022 CCA LEXIS 472, at *5–7 (A.F. Ct. Crim. App. 9 Aug. 2022) (unpub. op.), *aff'd in part, rev'd in part*, 83 M.J. 473 (C.A.A.F. 2023). One of the issues Appellant raised was ineffective assistance of counsel, based in part on trial defense counsel's "fail[ure] to object to the alleged victim [TS] presenting her unsworn statement in question-and-answer format through trial counsel." *Id.* at *5–6.[4] Another issue Appellant raised at this stage—one of several such issues this court had previously resolved against him in its original 2019 opinion—was "whether the military judge erred by admitting a '911 phone call.'" *Id.* at *6.[5]

With regard to the ineffective assistance claim, this court "assum[ed] for purposes of analysis that the Defense could have raised a valid objection to trial counsel posing the questions in TS's oral question-and-answer unsworn statement." *Id.* at *47. Nevertheless, we held Appellant failed to demonstrate deficient performance:

> In their declarations, all three trial defense counsel state Mr. AC made a "strategic decision" not to object to trial counsel's

---

[4] Appellant did not raise this alleged error in his original appeal.

[5] Appellant again personally raised this issue pursuant to *Grostefon*, 12 M.J. at 436.

> participation. As Mr. AC explained, the evident alternative was
> that TS's [Special Victims' Counsel (SVC)] would conduct the
> questioning, and trial defense counsel believed questioning by
> the trial counsel would lead to a "more tightly constrained" and
> "less emotional" unsworn statement, which was preferable from
> the Defense's perspective. We find this was a reasonable strate-
> gic decision to forego the objection.

*Id.* (citing *United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009)). We fur-
ther found Appellant failed to demonstrate he was prejudiced by trial defense
counsel's failure to object to trial counsel conducting the question-and-answer
with TS, because the likely outcome would have been that the military judge
would permit the SVC to conduct the unsworn question and answer. *Id.*

With regard to the military judge's alleged error in admitting the 911 call,
we noted that the CAAF decision remanding the case back to this court had
not disturbed this court's prior resolution of that issue against Appellant. *Id.*
at *13–14. We found "no cause to alter this court's prior adjudication" of the
matter, which "require[d] neither further discussion nor relief." *Id.* at *14.

After considering all the issues raised by Appellant, we found no additional
errors materially prejudicial to Appellant's substantial rights, reassessed the
sentence in light of the modifications to the findings in this court's 2019 opin-
ion, and determined the court members would have imposed the same sentence
based on the modified findings. *Id.* at *65–66. Accordingly, this court affirmed
the findings of guilty as to Charge I and its Specification, as modified; Charge
II and its Specification; Charge III and Specifications 1, 3, and 5 of Charge III;
and the approved sentence, as reassessed. *Id.* at *66.

The CAAF granted review of this court's 2022 opinion on the following is-
sue: "whether the military judge abused her discretion in allowing the victim
to deliver her unsworn victim statement in a question-and-answer format."
Subsequently, "in view of *United States v. Harrington*, 83 M.J. [408] (C.A.A.F.
2023)," the CAAF affirmed this court's decision as to the findings but set aside
the decision as to the sentence. *United States v. Daniels*, 83 M.J. 473, 473
(C.A.A.F. 2023). The CAAF returned the case for remand to this court for "a
new review under Article 66(c), [UCMJ], 10 U.S.C. § 866(c) (2016)," wherein
this court "should consider whether any of Appellant's challenges to the deliv-
ery of the unsworn victim statement during the sentencing phase of his court-
martial have been waived, forfeited, or preserved, and address them accord-
ingly." *Id.* at 473–74 (citation omitted).

Appellant's case was re-docketed with this court on 15 November 2023. Af-
ter requesting and being granted 12 enlargements of time, on 18 December
2024 Appellant filed a brief addressing two issues: (1) "whether the trial

counsel-driven victim impact statement materially prejudiced [Appellant],” and (2) “whether the appellate judges who previously reviewed [Appellant’s] case abused their discretion by failing to recuse themselves based on, at least, an appearance of bias.”[6] We have carefully considered issue (2) and find it requires neither further discussion nor relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). As to issue (1), we find no error materially prejudicial to Appellant’s substantial rights, and we affirm the approved sentence, as previously reassessed.

## I. BACKGROUND[7]

After the announcement of findings at Appellant’s court-martial, trial defense counsel advised the military judge of their understanding that the victim of the rape specification, TS, intended to deliver an oral unsworn statement to the court members in a question-and-answer format. The Defense objected in three respects. First, trial defense counsel stated that he did not “see any sort of enumerated permission or perspective of doing a question and answer especially from the prosecution” in Rule for Courts-Martial (R.C.M.) 1001A, the applicable rule from the then-current *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*), and therefore “it should[ not] be permitted.” Second, trial defense counsel noted the Defense had not been given a copy of the proposed unsworn as required by R.C.M. 1001A(e)(1), and the Defense “ha[d] discomfort with just kind of an ad lib unsworn.” Third, trial defense counsel “s[aw] there to be unfairness that [TS] be permitted to make an unsworn statement with the new R.C.M. 1001A given that when the crime took place [in 1998], no such rule existed,” although he conceded “the case law in this is not favorable to us in any regard” as to this latter objection.

In response, trial counsel argued R.C.M. 1001A permitted a victim to present an oral unsworn statement and permitted the military judge—for good cause shown—to waive the requirement that the victim provide a copy. Trial counsel offered to have TS present her unsworn statement in an Article 39(a),

---

[6] Appellant raises this second issue pursuant to *Grostefon*, 12 M.J. at 436. The stated basis for this issue is that Chief Judge Johnson and Senior Judge Annexstad, who were members of the panel that issued this court’s 2022 opinion (but not the 2019 opinion), “overlooked multiple instances of fraud on the trial court, including the Government’s admission of a fraudulent 911 call” which Appellant had previously raised pursuant to *Grostefon*. Appellant asserts these judges thereby “demonstrate[d], at least, an appearance of bias” against him. Accordingly, Appellant contends, Chief Judge Johnson and Senior Judge Annexstad abused their discretion by failing to recuse themselves from Appellant’s case.

[7] For a detailed factual background, see this court’s prior opinions, cited *supra*.

UCMJ, 10 U.S.C. § 839(a), hearing outside the presence of the court members before delivering it to the members. The military judge agreed to allow trial counsel and TS to go through the content of the unsworn statement in an Article 39(a), UCMJ, hearing in lieu of providing a copy of the statement.

After the Government rested its sentencing case, followed by a short recess, the military judge returned to the subject of TS's unsworn statement. She stated:

> Right before we came on the record I had an impromptu R.C.M. 802 [conference] with counsel regarding R.C.M. 1001A(e)(2) which states, "Upon good cause shown, the military judge may permit the victim's counsel to deliver all or part of the victim's unsworn statement." Now when we were talking . . . before, the plan seemed to be that the [G]overnment would do the questioning. I presumed that was with the permission, consent of [TS] and I suppose her counsel, although I'm not sure I – I'm not sure I did assume that, so let's talk about that; that the rule seems to require the victim's own counsel do the questioning.

In response, trial defense counsel stated:

> So the [D]efense objected to the question and answer forum and objected to not having it written out ahead of time. *We do not have an objection to the – assuming those are admitted by the court, we do not have an objection to the government counsel doing the question and answer*.

(Emphasis added). The military judge then clarified trial counsel had spoken with both TS and TS's SVC, and TS wanted trial counsel to conduct the unsworn question-and-answer.

Trial counsel and TS then proceeded to go through the intended questions and answers for TS's unsworn statement in an Article 39(a), UCMJ, session. When the military judge asked whether the parties had any objections, trial defense counsel responded, "None that we haven't already stated." The military judge then stated she found "this is an allowable and appropriate method for a victim to present an oral unsworn to the members." Although the military judge found it "a little unusual that it's not from the victim's counsel but from trial counsel," she noted "[t]here is no objection by the Defense on that so – that doesn't provide me any additional concern." TS subsequently delivered an oral unsworn statement to the court members in a question-and-answer format that was substantially similar to the one presented in the Article 39(a), UCMJ, session.

## II. DISCUSSION

### A. Law

We review a military judge's interpretation of R.C.M. 1001A de novo. *United States v. Edwards*, 82 M.J. 239, 243 (C.A.A.F. 2022) (citation omitted). We review a military judge's ruling with regard to the presentation of a victim's unsworn statement for an abuse of discretion. *United States v. Harrington*, 83 M.J. 408, 418 (C.A.A.F. 2023). "A military judge abuses his discretion when his findings of fact are clearly erroneous or he misapprehends the law." *United States v. Eugene*, 78 M.J. 132, 134 (C.A.A.F. 2018) (citation omitted).

At the time of Appellant's court-martial, R.C.M. 1001A(e) provided the victim of a crime of which the accused has been found guilty "may make an unsworn statement" which "may be oral, written, or both." "After the announcement of findings, a victim who would like to present an unsworn statement shall provide a copy to the trial counsel, defense counsel, and military judge," but "[t]he military judge may waive this requirement for good cause shown." R.C.M. 1001A(e)(1). "Upon good cause shown, the military judge may permit the victim's counsel to deliver all or part of the victim's unsworn statement." R.C.M. 1001A(e)(2).

"[T]he right to make an unsworn victim statement belongs solely to the victim or to the victim's designee and not to trial counsel." *Edwards*, 82 M.J. at 245 (citations omitted). "Trial counsel's participation in the delivery of the victim's unsworn statement via a question-and-answer format violates the principle that an unsworn victim statement belongs solely to the victim." *Harrington*, 83 M.J. at 420.

"An appellant gets the benefit of changes to the law between the time of trial and the time of his appeal." *United States v. Tovarchavez*, 78 M.J. 458, 462 (C.A.A.F. 2019) (citations omitted).

"Whether an accused has waived [or forfeited] an issue is a question of law we review de novo." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citation omitted). "[F]orfeiture is the failure to make the timely assertion of a right . . . ." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). "Waiver can occur either by operation of law . . . or by the 'intentional relinquishment or abandonment of a known right.'" *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (first citing *United States v. Hardy*, 77 M.J. 438, 441–42 (C.A.A.F. 2018), then quoting *United States v. Sweeney*, 70 M.J. 296, 303 (C.A.A.F. 2011)). Appellate courts generally review forfeited issues for plain error, but "a valid waiver leaves no error to . . . correct on appeal." *Davis*, 79 M.J. at 331 (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)). However, the applicable version of Article 66, UCMJ, empowers a Court of Criminal Appeals to

decline to apply forfeiture or waiver in order to address a legal error at trial, if warranted. *See Hardy*, 77 M.J. at 442–43 (citations omitted).

## B. Analysis

The CAAF returned Appellant's case to this court for "a new review under Article 66(c), [UCMJ], 10 U.S.C. § 866(c) (2016)," with particular instructions to "consider whether any of Appellant's challenges to the delivery of the unsworn victim statement during the sentencing phase of his court-martial have been waived, forfeited, or preserved, and address them accordingly." *Daniels*, 83 M.J. at 473–74 (citation omitted). On remand, Appellant asserts "[t]he trial counsel-driven victim unsworn statement improperly allowed the Government to control TS's unsworn statement to [Appellant's] prejudice." Citing *Harrington* and *Tovarchavez*, Appellant's argument to this court focuses on trial counsel's participation in the presentation of TS's oral unsworn statement, rather than the question-and-answer format per se. To resolve Appellant's assignment of error, we must first address whether, and to what extent, the Defense waived its objection to trial counsel's participation in TS's unsworn statement.

We find the Defense did waive its objection to trial counsel's participation. Initially, trial defense counsel broadly objected to TS delivering any unsworn statement in a question-and-answer format, "especially from the prosecution." However, when the military judge readdressed the issue, trial defense counsel clarified the Defense's position. The military judge drew the parties' attention to R.C.M. 1001A(e)(2) and expressed concern that the rule appeared to require victim's counsel rather than trial counsel to conduct the questioning. In response, trial defense counsel clarified that their objection was to the question-and-answer format and disavowed any "objection to the government counsel doing the question and answer." The military judge subsequently implied that she relied on this waiver, noting that trial counsel's involvement was "a little unusual" but explaining "there was no objection by the [D]efense on that so – that doesn't provide me any additional concern." Moreover, trial defense counsel's declarations to this court submitted before our 2022 decision, quoted above, indicate this decision not to object to trial counsel's participation was an intentional strategic choice by the Defense. Accordingly, we find the Defense intentionally relinquished a known right to challenge trial counsel's participation in the unsworn statement, which leaves no error to correct on appeal in that respect, notwithstanding the CAAF's later clarification that trial counsel are prohibited from conducting a question-and-answer unsworn statement with the victim. *See Harrington*, 83 M.J. at 420; *Davis*, 79 M.J. at 331 (citation omitted); *Jones*, 78 M.J. at 44 (citations omitted).

Recognizing our authority under the applicable version of Article 66, UCMJ, to pierce waiver in order to correct a legal error, we decline to do so here. *See Hardy*, 77 M.J. at 443 (citation omitted). Although in hindsight

permitting trial counsel to conduct the unsworn statement was plainly incorrect in light of *Harrington*, in this case it did not unfairly prejudice Appellant. Trial defense counsel made an intentional strategic decision to let trial counsel ask the questions because they believed it would be more advantageous to Appellant than having the SVC conduct the questioning. Furthermore, the likely result of preventing trial counsel from conducting the questioning would have been that TS provided a similar statement either through questioning by her SVC or in a direct oral unsworn statement.

Although they are not the focus of Appellant's argument, we have also considered whether he is entitled to relief with respect to TS's unsworn statement on the bases the Defense did preserve at trial: that question and answer with counsel is not an authorized form of unsworn statement under R.C.M. 1001A(e); and that TS failed to provide a copy of the statement as required by R.C.M. 1001A(e)(1).[8] We find no relief is warranted on either count.

We conclude R.C.M. 1001A(e) does not prohibit a victim from presenting an unsworn oral statement in the form of responding to questions from the victim's counsel. Information provided in this format is "oral" as permitted by R.C.M. 1001A(e). *See Edwards*, 82 M.J. at 244 (quoting the *Black's Law Dictionary* definition of "oral" meaning "[s]poken or uttered; not expressed in writing"). Moreover, we see no reason why a victim would be prohibited from delivering an oral unsworn statement in the form of a series of questions and responses spoken by herself. In addition, R.C.M. 1001A(e)(2) authorizes a military judge to "permit the victim's counsel to deliver all or part of the victim's unsworn statement" upon "good cause shown." That being so, we see no reason why a victim's counsel could not, consistent with the rule, "deliver" the "part" of the victim's statement consisting of the questions to which the victim responded. Although in this case the military judge did not explain her exact reasoning in this respect, we find the military judge could reasonably conclude the victim's desire to present her oral unsworn statement by answering questions asked by counsel constituted "good cause" to allow counsel to participate in delivering the statement.

Finally, trial defense counsel objected that TS had not provided a copy of her statement. However, R.C.M. 1001A(e)(1) authorized the military judge to waive this requirement upon a showing of good cause. Under the circumstances of this case, where TS presented the substance of her unsworn statement in an

---

[8] Trial defense counsel asserted a third objection—that it was unfair to permit TS to make an unsworn statement where no such right existed for victims at courts-martial when the offense was committed in 1998. However, trial defense counsel admitted the law did not support this contention, and we find it requires no further discussion or relief.

Article 39(a), UCMJ, session before delivering it to the court members—on both occasions without defense objection to the content of the statement—we find no abuse of discretion. *See* R.C.M. 1001A(e)(1), Discussion ("When the military judge waives the notice requirement under this rule, the military judge may conduct a session under Article 39(a)[, UCMJ,] to ascertain the content of the victim's anticipated unsworn statement.").

### III. CONCLUSION

The findings of guilty as to Charge I and its Specification, as modified; Charge II and its Specification; and Charge III and Specifications 1, 3, and 5 of Charge III were previously affirmed. The sentence, as previously reassessed, consisting of a dismissal, confinement for two years and 252 days, and a reprimand, is correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court